## SOUTHERN RAILWAY COMPANY *v.* HORINE.

1. Under the ruling made in the case of *Southern Railway Company* v. *Pace*, 114 *Ga.* 712, and the cases which that decision followed, the evidence in the present case was not sufficient to authorize a verdict for the plaintiff, and a new trial should have been granted.

2. An allegation in a petition against a railway company, in which damages were claimed for the destruction by fire of the plaintiff's property, that the railway company "carelessly permitted fire from the engine of the local freight-train, going west, to be thrown out, whereby the litter which said company had permitted [to] accumulate on said right of way was ignited, and the fire spread therefrom and burned and destroyed" the plaintiff's property, did not amount to an averment that the railway company negligently permitted combustible matter to accumulate upon its right of way.

Submitted May 1, — Decided June 7, 1902.

Action for damages. Before Judge Janes. Haralson superior court. January 24, 1902.

On the trial of the case made by the allegations set out in the opinion, the testimony for the plaintiff showed that on April 10, about eleven o'clock in the morning, a freight-train of the defendant passed the plaintiff's land, going west, and moving as if it were heavily loaded. For over a mile there was a heavy grade in that part of the railroad. An east wind was blowing hard. In five minutes after the train passed, a witness, working in a field a quarter of a mile distant, saw smoke rising from fire on the right of way of the defendant, which was full of broom-sedge, grass, leaves, and rubbish. This fire burned the plaintiff's rail fence around a ten-acre field. As soon as it was discovered, the plaintiff and two witnesses did what they could to put it out, but it gained too rapid headway to be controlled. For the defendant two witnesses testified, in brief, that the engine of the train was in good condition and properly equipped, including spark-arrester, ash-pan, and blower; that it was properly operated at the time in question, and nothing unusual was done; that it was inspected both before and after the day of the fire, etc. The engineer remembered who the conductor of the train was, but failed to remember the name of the fireman. He had a record showing who the fireman was, but did not bring it to court. A claim agent of the defendant testified that he had never been able to ascertain who the fireman was; that the records of the company had been partly destroyed by a fire in the super-

intendent's office, except a copy of the original record of the movement of trains, which showed the engineer, the conductor, and the number of the engine, but did not show the fireman.

*Hugh M. Dorsey*, for plaintiff in error, cited 101 *Ga.* 747; 108 *Ga.* 165; 112 *Ga.* 472.

*Edwards & Ault* and *James Beall*, contra, cited 75 *Ga.* 282, 704; 113 *Ga.* 335; 13 Am. & Eng. Enc. L. 466 – 7, 513 – 14.

COBB, J. Horine sued the Southern Railway Company for damages growing out of the destruction of a fence by a fire, it being alleged that the defendant "carelessly permitted fire from the engine of the local freight-train, going west, to be thrown out, whereby the litter which said company had permitted [to] accumulate on said right of way was ignited, and the fire spread therefrom and burned and destroyed said fence and rails so built and constructed on petitioner's farm." The trial resulted in a verdict in favor of the plaintiff, and the defendant complains that the court refused to grant it a new trial.

1. The evidence discloses a case very similar to that which was contained in the record in the case of *Southern Railway Company* v. *Pace*, 114 *Ga.* 712, and what is there said is applicable to the present case. Under the ruling there made, as well as the rulings in the cases which were then followed, a verdict in favor of the plaintiff was not authorized by the evidence, and a new trial should have been granted.

2. It is insisted in the brief of counsel for the defendant in error that the verdict should be sustained, for the reason that the evidence showed that the defendant had negligently allowed broom-sedge, trash, and other combustible matter to accumulate upon its right of way, and that the fire was communicated to the plaintiff's fence from this combustible matter. In reference to this contention, all that is necessary to be said is that the plaintiff did not in his declaration allege this as a ground of negligence. From the allegations of the petition which are set forth in the headnote, as well as in the above statement of facts, it clearly appears that the negligence which the pleader relied upon in drafting the petition was either in the manner in which the engine was handled or some defect therein, and there is nothing in the language of the petition which can be properly construed as an allegation that the defend-

ant negligently allowed combustible matter to accumulate upon its right of way.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*