THE PORT ROYAL & W. C. RAILWAY CO. *v.* GRIFFIN.

1. There being sufficient evidence to authorize the verdict, this court will not interfere with the judgment refusing a new trial, though it might not have rendered the same verdict.

2. It appearing that the plaintiff was absent from her home when the fire began, for causing which she brought suit, and it not appearing that she had any part or lot in it, a ground for new trial that the jury failed to consider the contributory negligence on her part is not tenable.

3. A charge that " when a witness swears wilfully and knowingly false to a material allegation, then it is the right of the jury to disregard the testimony of such witness," does not imply that the jury has a right to believe a proved falsehood, the charge further stating that where a witness has been impeached by showing that what he swore to was false in some particulars, the jury may disregard his testimony as to all other facts testified to by him, unless corroborated by other circumstances.

4. A charge that " if you are satisfied that the fire originated in some other way than from the engine, then return a verdict for the defendant," does not imply that if the fire did originate from the engine, the company is liable without the further proof that it occurred by reason of the negligence alleged, that is, in not having spark-arresters and fire-boxes, and in suffering the track to be covered with rubbish.

5. If correct instructions by the court to the jury be not full enough, further instructions may be requested.

November 12, 1890.

Negligence. Verdict. Railroads. Witness. Charge of court.  Before Judge EVE.  City court of Richmond county.  November term, 1889.

Mrs. Griffin sued the railway company for damages which she alleged she sustained by the burning of timber and fencing on her land, caused by a spark or sparks from the engine of defendant.  She alleged that the injuries were caused by the negligence of defendant in not having approved spark-arresters and fire-boxes on its engine, by the careless and unskilful manner of running and operating the same, and by defendant's negligence in suffering a large quantity of dry pine straw and grass and other rubbish to accumulate on its tracks and right of way through her premises, by means of which fire was communicated to her land, etc. Defendant pleaded not guilty.

The evidence for the plaintiff tended to show that she owns land through which defendant's railroad runs for something over a mile; that on May 22, 1889, from 125 to 150 acres of this land were burned off, the fire occurring on a very windy day; that the defendant's right of way was very foul, being covered with litter and

pine straw, and there being some litter between the cross-ties; that by the fire about one mile and a quarter of plaintiff's pasture fence was burned, between thirty-five and forty cords of cut wood, and about sixty cords of growing timber to the acre; that the fence was in good repair and it was worth about $350 to rebuild it; that the cut wood was worth $1 a cord and the growing timber worth about $30 per acre; and that the total loss was from $1,200 to $1,500. This estimate was that of one witness, the plaintiff's son. He further testified that he did not reach the fire until evening; that it had burned right up to the railroad; that he found a pile of cross-ties burning that had been piled to one side of the road; and that some of the ties in the railroad were on fire. Other witnesses for plaintiff estimated the damage at considerably less, one of them at very greatly less. Her counsel claimed to have been entrapped by this witness, and was allowed to introduce testimony tending to show that the witness had made statements giving a much higher estimate of the damage, and quite contrary to what he stated on the stand. Other evidence tended to show that the fire was caused by defendant's train or engine, and was kindled about the time this train passed, which was about mid-day; and that plaintiff did not know of the fire. The fire lasted three days and burned rapidly. It does not appear that any effort was made to extinguish it.

The testimony for the defendant tended to show that the land was returned for taxes at $3 per acre; that the fire was not caused by defendant's engine or agency at all, but caught at a point distant from and burned towards the railroad, the wind being in the direction of the railroad from the fire; that defendant's track was kept reasonably clean, but it did not cut the grass off its right of way; that the fire-boxes and smoke-stack of the engine were in proper condition and

emitted no sparks, at least no large sparks; that the engine in question never drops fire; that it was going up a heavy grade when passing through plaintiff's land, and more sparks. fly when it is going up grade; that the damage to plaintiff was small; that the right of way had been burned off in the spring before this fire, and also in the spring of the previous year; that defendant's section-master reached the place at about seven o'clock in the evening and found fire in the pile of cross-ties, reaching two or three hundred yards along the track, touching the track nowhere but opposite the pile of ties; that there was no great amount of straw or trash and no timber at this point; that there was no fire at all within about forty yards of the ties, and it was three days from the time it was at this point until the fire burned down; and that there was no effort to put out the fire by plaintiff or any of her party, that the section-master knew of. There was testimony tending to impeach some of the plaintiff's witnesses.

The jury, on December 2, 1889, found for the plaintiff $606 damages, with interest from May 22, 1889. The plaintiff voluntarily wrote off the interest. To the refusal of a new trial the defendant excepted.

J. Ganahl, for plaintiff in error.

Twiggs & Verdery, contra.

Blandford, Justice.

A verdict was had for the defendant in error in the court below. The railway company moved for a new trial, which was denied. The first two grounds of the motion are the usual ones, that the verdict of the jury is contrary to the evidence, without evidence to support it, etc. We cannot agree with the learned counsel for the plaintiff in error who argued this case. We think there was sufficient evidence to authorize the verdict of the jury. While we might not have rendered the same

verdict had we been on the jury, yet, when the jury had evidence upon which to base their verdict, and the court below was satisfied with it, we do not feel authorized to interfere therewith.

The next ground contended for by the plaintiff in error is, that the jury failed to consider the contributory negligence on the part of the defendant in error. We have considered this case very carefully, and we do not see how the defendant in error in any way contributed to the injury she received from fire. She was not at home or near by when the fire began, and it does not appear that she had any part or lot in it.

It is complained further that the court erred in charging the jury as follows : "When a witness swears wilfully and knowingly false to a material allegation, then it is the right of the jury to disregard the testimony of such witness." It is insisted that the implication in this charge that the jury had a right to believe a proved falsehood is stronger than the assertion that they had a right to disregard it. The statement by the court objected to is, to our minds, a clear statement of the law as far as it goes; and if any further statement should have been made by the court to the jury, the same should have been requested by counsel who now complain. In looking at the charge itself, we see that the court did state to the jury that where a witness has been impeached by showing that what he swore to was false in some particulars, they might disregard his testimony as to all other facts testified to by him unless corroborated by other circumstances.

Error is assigned also in the following charge of the court: "If you are satisfied that the fire originated in some other way than from the engine, then return a verdict for the defendant." It is insisted that this charge implies that if the fire did originate from the engine, the company was liable without the further

proof that it occurred by reason of the negligences set out in the petition, that is, in not having approved spark-arresters and fire-boxes, and in suffering the track to be covered with rubbish. We do not think this charge is liable to the implication sought to be engrafted upon it; and besides, plaintiff in error did not ask any further instructions to the jury than were given.

The judgment of the court below is therefore

*Affirmed.*