EAST TENN., VA. & GA. RAILWAY CO. *v.* HESTERS.

1. The declaration alleging, in effect, that the railway company, by its negligence and that of its agents, servants and employees, in and about the running and operating of its locomotives and machinery, did on a day named negligently and carelessly throw, or otherwise set out, fire from said locomotives, whereby plaintiff's property was burned, the rule of the code, section 3033, raises a presumption of negligence from proof that plaintiff's property was burned by a fire resulting from the emission of sparks by one of the company's locomotives whilst being run on defendant's railway. The burden of proof would then be upon the company to show the exercise of all ordinary and reasonable care and diligence. Such care and diligence would include keeping the locomotive in proper condition to be run with ordinary safety, as well as properly managing and operating it whilst the running was in progress at the time and place in question.

2. Where the company attempted to show its diligence as to the condition of the particular locomotive, by evidence tending to prove that all its locomotives run over its road were kept in substantially the same condition, and that such condition was good, this evidence might be rebutted by evidence that on previous occasions and at different places the company's locomotives had emitted sparks which caused, or were capable of causing, similar fires. Admitting the rebutting evidence as a part of the plaintiff's evidence in chief, the company having afterwards adduced evidence which would have made the plaintiff's evidence admissible in rebuttal, was only an irregularity, and not reversible error.

3. A railway company is liable for injury to property caused by the negligent setting out of fire in pine woods where the ground is covered with straw, grass and other combustible material, if the fire burned continuously from the point where it was set out to the property in question, and the spread of it was not occasioned by any intervening cause, although such property may have been situated two miles or more from the place where the fire originated. A high wind, unless shown to be extraordinary, by which the fire was facilitated in passing from one side to the other of roads traversing the district, would not be considered as an intervening cause.

4. There was no error in not granting a new trial on any of the numerous grounds set forth in the motion.    *Judgment affirmed.*

October 1, 1892.

Railroads. Negligence. Fire from locomotives. Evidence. Practice. Before Judge ATKINSON. Appling superior court. October adjourned term, 1891.

David Hesters sued the railway company for damages, alleging that on the 28th of January, 1890, he was and still is the true owner and in possession of 260 acres of lots of land 348 and 373 in the second district of Appling county; that he is a farmer and stock-raiser by occupation, his farm being located on the land above described; that his horses, cattle, hogs and other domestic animals were accustomed to range and graze upon and in the vicinage of his farm; that in the business of farming and raising stock he has heretofore been abundantly able to realize a luxurious support for himself and family, and the means to educate his children; that up to the date aforesaid his farm and land were adorned and decorated with large quantities of growing pine and oak trees, with the green wire-grass and other grasses growing thereon in abundance; that his farm was perfectly free from all annoyances, stenches and disease; that his cattle and other animals were gathering sufficient food from said range to live and subsist upon in a profitable condition; that on the day aforesaid the defendant, by the negligence of its servants in and by the running and operating of its cars, engines

and other machinery, carelessly threw or otherwise set out fire from the engines, cars or other machinery and set the wire-grass and woods on fire at a time when the weather was very dry, and the wind blowing very hard, which burning injured and destroyed the valuable pine and oak trees and grass growing on the land, to his damage $400 or other large sum; that the pine timber thereon had been boxed for turpentine purposes, and he was receiving annually large sums of money for the rent of the turpentine boxes, which were burnt up and destroyed by the fire, to his damage $1,000; that there were large quantities of crude and scrap turpentine in the boxes and on the face of the trees, which was burnt, damaging him $50; that the fire destroyed 650 panels of fencing, damaging him $100, 3,000 pounds of fodder, to his damage $50, three houses, to his damage $250, forty-three cross-ties, to his damage $8.60, farming tools, to his damage $20, damage to seed-cane and potatoes $20; that by reason of the rapid and severe nature of the fire, he and his wife and children were forced to fight it and to use every possible means to put it out, which they did for three or four days and nights before they could get it under control, thereby subjecting them to the greatest degree of heat, pain and agony, to his damage $100; that he was forced to take his cattle and other stock and feed them on corn, etc., at considerable expense, to keep them from starving in the woods, to his damage $25; and that by reason of the fire burning and killing the timber and vegetation, such dead and dying timber caused great miasma and germs in the atmosphere, rendering it offensive and annoying to him and his family, subjecting him to $100 damages for medical treatment; making in the aggregate $1,023.60.

The jury found for the plaintiff $308.25. A motion for a new trial was denied, and the defendant excepted. The motion alleges that the verdict is contrary to law

and evidence. It is further complained that the court refused to entertain the defendant's demurrer as such, but entertained it only as a motion to dismiss the case, and as such overruled it. The grounds taken therein were : (1) that the declaration does not set forth any sufficient cause of action ; (2) that it does not show by what agent, servant or employee the act was done, nor by what cars, train or locomotive the alleged injury was done ; (3) that it does not set forth the damages alleged, nor any act of negligence, with sufficient accuracy or certainty to enable the defendant to prepare and make a proper defence ; and (4) that the damages alleged are too speculative to entitle the plaintiff to recover.

It is further alleged that there was no evidence nor any basis of calculation from which the jury could have arrived at the amount of the verdict. Further, it is assigned as error that the court overruled the defendant's motion for a nonsuit, made when the plaintiff's counsel first announced closed, upon the ground that the plaintiff had shown no title to the property alleged to have been destroyed, and that the evidence did not show any liability on the defendant and did not make out a case that would entitle the plaintiff to recover, the plaintiff at this stage not having introduced any written title or evidence of ownership of the property.

Several grounds complain of the admission of testimony in behalf of the plaintiff. One witness was asked, "About two weeks before that [January 28, 1890], do you recollect being there in your field and having sparks come from the engine and fire the grass right there beside you ?" The objection was that this was leading, irrelevant and not sufficiently connected with this case in point of time. The objection was overruled, and the witness answered : " I don't recollect just when it was ; not long before that the sparks came from the engine and fell right near me (it was an old field with broom-

sedge in it) and caught it, but I was near enough to put it out; the sparks fell all around me and were so that I could plainly feel them when they fell on me. I can't say how large they were, large enough for me to feel them; it was only a short time before January 28th. I mean by a short time a few days or week or two. I don't know exactly how long it was." Another witness was allowed to testify, over objection for irrelevancy, as follows: "It was a pretty frequent thing along about January 28th, 1890, for the engines of the East Tennessee, Virginia & Georgia railroad to throw out sparks and set out fire. I never examined much, but I have seen big sparks thrown out and catch the grass and burn several times up and down the railroad."

It is alleged that the court erred in overruling the defendant's motion at the close of the plaintiff's case, to rule out all the evidence in reference to the burning of any of plaintiff's property, and in refusing to nonsuit the plaintiff because the proof as to the burning and as to the fire and its origin did not correspond with the allegations in the declaration, and because, the evidence showing that the fire originated on the railroad right of way a mile and a half or two miles away from where the property was situated, the evidence is incompetent, and the plaintiff is not entitled to recover under this state of facts, and the damages are too remote to authorize a recovery, even if the fire that destroyed the property originated by sparks thrown out by an engine of defendant.

The following deeds were admitted in evidence over the objections of defendant's counsel: (1) A deed dated October 7, 1882, from J. J. O'Quinn to David R. Hesters in consideration of ———, conveying 100 acres of land lot 373 in the second district of Appling county, bounded west by Black Water creek, north by L. A. Johnson's lands, east by E. Johnson's land, and south by

original line. The objections were, that no consideration is expressed in the deed and none was proved, that the description of the land conveyed is insufficient, that the deed does not show title in the plaintiff and is irrelevant, and that it was recorded during the progress of this trial, the date of record being December 2, 1891. (2) A deed dated November 10, 1866, from Francis O'Quinn to J. J. O'Quinn, in consideration of $250, conveying the east half of lot 348 in the second district of Appling county. The objections were, that there was no evidence showing that this deed was applicable to this case or that the land conveyed by it was involved in this case, and that it does not show title in the plaintiff, and was recorded during the trial, the date of record being the same as the deed above mentioned. (3) A deed dated August 17, 1872, from J. J. O'Quinn to David Hesters, in consideration of $200, conveying the east half of lot 348 in the second district of Appling county, except ten acres lying on the north side of Black Water creek. The objections were, that this deed was irrelevant, that the property conveyed was not sufficiently described, that the evidence does not identify the property as being involved in this case, and that the deed does not show title in the plaintiff. (4) A deed from J. J. O'Quinn to David Hesters, dated April 25, 1877, in consideration of $10, conveying twenty-five acres of the east half of lot 348 in the second district of Appling county, lying on the north side of Black Water creek. The objections were, that the deed was irrelevant, the description insufficient, that there was no evidence making it applicable or showing that the property conveyed by it is involved in this case, and that it does not show title in the plaintiff, but shows on its face that it was not recorded until during the present trial, to wit on December 3, 1891.

· It is assigned as error that the court failed to charge,

without request, that if the fire that destroyed the property was put out by any other person or in any other manner than by sparks from an engine of defendant, the plaintiff could not recover; this being a theory greatly relied upon by defendant.

The court charged: "If you should believe that the railroad company was negligent in the running and operating of its trains, in failing to provide reasonably suitable machinery for the use of its employees in the running and operating of its railroad, and that the injury resulted from such cause as set out in the declaration, then the plaintiff would be entitled to recover." This is alleged as error because it submits to the jury a question not made by the evidence, there being no evidence to controvert or deny the defendant's testimony that its engines, locomotives and machinery were properly constructed and equipped, and provided with the most modern and approved appliances for preventing the escape of fire; and because the evidence shows that the damages are too remote for the plaintiff to recover, even though the jury should believe that the defendant was negligent and that the damages resulted from such cause.

DeLACY & BISHOP, for plaintiff in error.
E. P. PADGETT, contra.