## GRANT *v.* THE STATE.

1. It is not error for the court, in a criminal case, when charging the jury in regard to the prisoner's statement, to give them in charge section 1010 of the Penal Code in its entirety; and having followed the language of the statute, it may there leave the matter.

2. A charge that "In the event you find the defendant guilty, you will

render one of two verdicts, exercising the power and discretion which the law vests in you; you can say, 'We, the jury, find the defendant guilty,' or 'We, the jury, find the defendant guilty, and recommend that he be punished by imprisonment in the penitentiary for life,'" was not error for lack of fullness or because the judge did not explain to the jury "what that power and discretion was." See *Taylor* v. *State,* 105 *Ga.* 782, and cit.

3. There being nothing in the evidence to call for such charges, it was proper for the court to omit the law in reference to voluntary manslaughter, as well as that as to confessions, from his instructions to the jury.

4. There was no error in the admission of testimony. The evidence demanded the verdict, and the court did not err in refusing to grant a new trial.

Argued December 19, 1905.—Decided February 15, 1906.

Indictment for murder. Before Judge Lewis. Morgan superior court. October 16, 1905.

*Foster & Foster,* for plaintiff in error. *John C. Hart, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

BECK, J. The plaintiff in error was charged with the offense of murder, and was convicted of that offense, without a recommendation. He moved for a new trial, his motion embracing several grounds.

1. Counsel for plaintiff in error contend that the court erred in charging on the subject of the defendant's statement as follows: "The prisoner shall not be compelled to answer any question on cross-examination, should he think proper to decline to do so;" and insist that this language of the statute contains no part of the law to be given in charge to the jury. It will be observed that the extract from the charge, complained of and alleged to be error, is in the exact words of the statute, and this court has repeatedly ruled that in charging upon the defendant's statement it is best for the trial court to follow the statute and there leave the matter. These rulings were scrupulously observed by the court in the trial of this case. In fact the criticism made upon this charge by counsel is that the trial court only too strictly followed the rulings referred to, and gave the section in regard to the prisoner's statement literally and in its entirety. In doing so, however, no error was committed that would justify this court in interfering with the court's discretion in the refusal of a new trial. The cases of *Morgan* v. *State,* 119 *Ga.* 566; *Hackett* v. *State,* 108 *Ga.* 40; *Teasley* v. *State,*

105 *Ga.* 842, in so far as they announce and maintain this principle of law, are correct and sound, and, upon review thereof, are affirmed.

2. The second headnote deals sufficiently with the error alleged in the motion for new trial to have been committed by the trial judge in his instructions to the jury touching the exercise of their discretion and power, in the event they should find the accused guilty of murder, to recommend that he be punished by imprisonment in the penitentiary for life.

3. There was nothing in the evidence upon which to base a charge upon voluntary manslaughter or upon the subject of confessions.

4. Exception was taken to the refusal of the court to exclude the following testimony: "Mary's [deceased's] child said, 'Huss [defendant], you have shot mama.'" The testimony quoted was that of Jake Colbert, a witness for the State, and it was objected to "on the ground that the solicitor-general, in opening the case to the jury, had stated that Mary Johnson's [deceased's] child, the one referred to by the witness Colbert, was too young to be a competent witness or to testify." And movant adds that this (the foregoing statement of the solicitor-general) "was true, and allowing Colbert to testify as to what the child said was in effect allowing the child to testify." We can not agree with counsel that permitting the witness to testify to the words of a little child, too young to be brought into court as a witness, was equivalent to permitting the child itself to testify. It appears from the evidence that the witness Colbert, at the sound of the shots which slew the deceased, ran immediately from an adjoining room into the one where the homicide was committed, and said twice to the defendant, "Have you shot Mary?" The defendant made no answer, but the child, as the defendant silently left the room, uttered the words, "Huss, you have shot mama." These words, spoken by a little child immediately after the shocking occurrence, were clearly admissible as a part of the res gestæ. No declaration could have been freer "from all suspicion of device or afterthought," and it was, in point of time, almost concurrent with the act to which it referred. It was the very deed itself speaking through the mouth of a babe.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*