# SOUTHERN RAILWAY COMPANY v. HERRINGTON.

1. When a petition alleged, that the plaintiff sustained injury by reason of sparks being emitted from a locomotive of the defendant, and that the damage "was caused by the carelessness and negligence of the defendant's agents, servants, and employees," the plaintiff could rely for recovery upon the fact that the engine in question had been negligently handled.

2. The charge of the judge in reference to the measure of damages was not erroneous for any reason assigned.

3. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

Argued April 19,—Decided May 20, 1907.

Action for damages.   Before Judge Fite.   Gordon superior court.   March 5, 1906.

*Shumate & Maddox* and *F. A. Cantrell*, for plaintiff in error.

*W. R. Rankin* and *R. J. & J. McCamy*, contra.

COBB, P. J.   Mrs. Herrington sued the railway company for damages claimed to have resulted from a fire communicated to her

land from a locomotive of the defendant company. The damages alleged consisted of the destruction of growing timber. The jury returned a verdict in her favor, and the defendant made a motion for a new trial, which was overruled, and it excepted.

1. Complaint is made that the court instructed the jury, in effect, that the company would be liable in the event it should appear from the evidence that it was negligent in the manner in which the engine was run or handled. The assignment of error upon this instruction is that there was no allegation in the petition that the engine was improperly handled, or that there was any negligence in running the same. The petition alleged that the injury "was caused by the carelessness and negligence of the defendant's agents, servants, and employees, and because of defective machinery;" and it was also alleged that the fire was caused by sparks emitted from a passing engine. The allegation in reference to the carelessness of the defendant's servants was very general, but there was no demurrer to the petition. This general allegation was sufficient to put in issue the manner in which the engine was handled, and there was no error in the instructions.

2. The judge charged the jury: "The damages to the plaintiff, if she sustained any, is the difference in the value of the land before and after the fire; that is, how much less was the land worth after the fire than before, having reference to the injury done by fire. But you may determine this fact by ascertaining the value of the timber before and after the fire, and by other facts and circumstances proven in the case, on the question of damages." Error is assigned upon the last clause of this charge, upon the ground that there was no evidence of the value of the timber either before or after the fire, and that the charge gave the jury the right to determine what was the value of the timber if severed from the soil and prepared for market, and did not confine it to standing timber. If the plaintiff was entitled to recover, the measure of damages was the difference between the value of the land as timber land before the fire occurred and its value as timber land afterwards. The value of the land as such, without respect to the timber, may not have been affected by the fire; but she was the owner of timbered land, which, in that condition, had a value; and if the effect of the fire was to diminish this value, she would be entitled to recover the difference. The character of

timber upon the land, the quantity of it, and all such facts and circumstances were proper matters for the jury to consider in determining the question presented to them.

It. is true that no witness testified to the value of the land as timbered land before the fire and afterwards; but the general character of the land, and the quality and quantity of the timber thereon, were disclosed by the evidence, and a number of witnesses were permitted to testify (so far as the record discloses, without objection) to different amounts as the damage resulting from the fire, according to their opinions. There was evidence before the jury sufficient to enable them to arrive at a just and reasonable estimate of the damages sustained by the plaintiff, under the rule above referred to. It was absolutely necessary that the value of the timber should be considered. The charge of the judge does not use the expression "standing timber," but it is manifest, from the evidence, that this was what the witnesses referred to, and it is to be presumed that the jury understood that the judge had reference to the timber as standing upon the ground, and not to the uses which it might be devoted to if severed from the soil and marketed. The charge on the subject of damages was not as full as it might have been, but there was nothing in what was stated that was calculated to mislead the jury; and if any amplification of the instructions was desired, it should have been made the subject of an appropriate written request. We see no reason for reversing the judgment, upon this assignment of error.

3. The evidence relied upon to establish the fact that the fire was communicated to the land of plaintiff by a spark thrown from a locomotive of the defendant was entirely circumstantial. It appears, from the evidence, that two engines of the defendant had passed near the land, and in a very short time thereafter the fire originated about fifty feet from where the engines passed. There is nothing in the evidence to indicate that the fire could have originated from any other source. This was sufficient to authorize a finding that the fire originated from a spark emitted from a locomotive. This fact being established, a presumption of negligence arose against the company; and the controlling question is whether this presumption was rebutted. This presumption could have been rebutted by the defendant showing that the engines were properly equipped and properly handled. *Southern Ry. Co.* v.

*Pace,* 114 *Ga.* 712; *Southern Ry. Co.* v. *Horine,* 115 *Ga.* 664; *Alabama Midland Ry. Co.* v. *Swindell,* 117 *Ga.* 883. In the cases just cited, the evidence for the defendant was that the engines were properly equipped and properly handled; and there was nothing contradicting this testimony; and it was held, in each case, that a verdict in favor of the plaintiff was unauthorized. There was evidence in the present case, in behalf of the defendant, that its engines were properly equipped and properly handled; but there was also evidence that if the fire originated more than fifty feet from where the engines passed, from sparks thrown by the locomotive, that would show that there was something wrong in the equipment of the engine. This was admitted by one or two of the witnesses for the defendant. The jury were authorized, under the circumstances of the case, to find that the fire was so communicated; and under this evidence from the defendant, if it was so communicated the engine was not properly equipped. The case, on this point, is, in principle, controlled by the rulings in *Southern Ry. Co.* v. *Williams,* 113 *Ga.* 335, and *Central Ry. Co.* v. *Trammell,* 114 *Ga.* 312. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

*Judgment affirmed. All the Justices concur.*