# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

# OCTOBER TERM, 1907.

---

## SOUTHERN RAILWAY COMPANY v. THOMPSON.

1. The charge did not accurately state the contention of the defendant as set out in the answer.
2. A railroad company is liable for damages to property, proximately caused by a fire negligently set out by the running of one of its engines.
3. If, without more, it should be shown by evidence that a fire was set out by the operation of an engine of a railroad company, a presumption would arise that the company or its agents were guilty of the acts of negligence alleged in the petition.
4. If such a presumption arises, it may be rebutted by evidence. This may be done by evidence introduced by the plaintiff, as well as that introduced by the defendant.
5. If the presumption of negligence arises against the defendant, it must show that it and its agents used all ordinary and reasonable care and diligence in regard to the matters charged against it.
6. Such ordinary care and diligence must be used as well in the equipping of its engine with proper appliances for preventing fires, and keeping them in proper condition, as in the operation of the engine.
7. The measure of diligence which the law places upon a railroad company, in respect to the providing and keeping in repair of spark-arresters or other appliances for the prevention of fire, is to use ordinary care and diligence to apply to its engines the best appliances in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in good order.
8. If the company is wanting in ordinary care in allowing grass, weeds, rotten wood, and other combustible material to accumulate on its right of way, and as a result thereof damage by fire occurs, this would also furnish a ground for holding the company liable.
9. Actual possession will support an action of trespass against a wrong-doer. If nothing appears to the contrary, such actual possession is

sufficient prima facie evidence of title to authorize a recovery of damages to the freehold.

Submitted May 28,—Decided October 8, 1907.

Action for damages. Before Judge Parker. Wayne superior court. September 29, 1906.

Thompson brought suit against the Southern Railway Company, to recover damages caused by a fire which was alleged to have burned certain cross-ties, a number of panels of fence, a dwelling-house, a corn-crib, and standing timber. The negligence alleged was, that the defendant, by itself, agents, servants or employees, in the careless and negligent handling of the cars, engines, or other machinery upon the railroad, or in the negligent and careless use of defective engines, cars, and other machinery operated thereon, permitted and allowed fire to ignite the weeds, grass, rotten wood, trash, and other combustible material that had been carelessly allowed to accumulate upon the right of way of the railroad, by the throwing out or emission of fire, sparks, live coals, or cinders from the engines, cars, or other machinery, which said fire so kindled was communicated to and upon the land of the petitioner, and thus injured, damaged, and destroyed his property, etc. Negligence was also alleged in allowing the right of way to grow up in grass and weeds, and to have on it trash and other combustible matter. The defendant denied all the allegations of negligence. The jury found for the plaintiff $250. A motion was made for a new trial, which was overruled, and the defendant excepted.

*Bennet & Conyers* and *Littlefield & Peppell,* for plaintiff in error.

LUMPKIN, J. (After stating the foregoing facts.)

1. One ground of the motion for a new trial complained that the court incorrectly stated the contentions set out in the defendant's answer, and placed upon it a heavier burden than it assumed, or than the law put upon it. The presiding judge charged that the defendant had filed a plea; that it denied liability, or "that it was in any manner negligent;" that if the fire was set out by the engine, "it could not be avoided;" and that the company had used all ordinary and reasonable care and diligence in operating, equipping, and providing the engine with the most modern and best-known appliances for the purpose of preventing the emission

of sparks and fire, and was therefore not liable. The plaintiff alleged certain acts of negligence. The defendant denied them. This charge elaborated the issue thus made in the pleadings, and in doing so attributed to the defendant certain positions which were stronger than its denial of the plaintiff's allegations. The defendant did not deny that "it was in any manner negligent." It denied that it was guilty of the acts of negligence charged by the plaintiff. Nor did it state in its answer that, if its engine set fire to the property, "it could not be avoided;" nor did it make the affirmative allegation in regard to its appliances mentioned above. It is probable that the presiding judge in charging on these subjects had in mind some of the developments of the evidence, and the contentions which he thought arose out of it. But, as delivered, the charge apparently had reference to the pleadings. Even with reference to the evidence, as will be seen from what has been said above, it placed the defendant in the attitude of making a more rigid contention than was necessary to defeat the plaintiff's action.

2-4. The court also charged that if the engine set out the fire which burned the property of the plaintiff, "then the law would presume that it was negligently done, unless the company introduces evidence which shows that they did, through their agents, servants and employees, exercise all ordinary and reasonable care and diligence, and that they had their engine properly equipped with the most modern and best-known appliances for the prevention of the setting out of fire," etc. The law declares that a railroad company shall be liable for any damage done to persons or property by the running of its locomotives, cars, or other machinery, unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. Civil Code, § 2321. This statute has been held to apply to cases of fire set out by the running of an engine. When it has been shown that the operation of the engine set out the fire, a presumption arises against the company that it or its agents were guilty of the acts of negligence charged in the petition and connected with the injury; and the burden is shifted to it to show the exercise of all ordinary and reasonable care and diligence, in respect thereto. *Talmadge* v. *Central of Ga. Ry. Co.*, 125 *Ga.* 400 (54 S. E. 128).

The plaintiff can not recover except upon the acts of negligence set out in the petition. *Georgia Brewing Association* v. *Henderson*, 117 *Ga.* 480 (43 S. E. 698) ; *Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974) ; *Western & Atlantic Railroad Co.* v. *Branan*, 123 *Ga.* 692 (51 S. E. 650) ; *Augusta Railway & Electric Co.* v. *Weekly*, 124 *Ga.* 384 (52 S. E. 444). And it has been held that the presumption which arises against a railroad company, upon proof of damage to property by the operation of its engine, is that it was guilty of the acts of negligence alleged in the petition. *Central of Georgia Ry. Co.* v. *Weathers*, 120 *Ga.* 475, 479 (47 S. E. 956) ; *Georgia Railway & Electric Co.* v. *Reeves*, 123 *Ga.* 698 (51 S. E. 610), (8). In the absence of a request for more specific instructions on this subject, the charge in general terms as to a presumption of negligence arising from proof of damage by fire from the engine, taken in connection with the entire charge, would not require a new trial. *Central of Georgia Ry. Co.* v. *Bagley*, 121 *Ga.* 781 (49 S. E. 780). If the presumption arises, it must be rebutted by evidence; but this may be done by evidence drawn from the plaintiff or his witnesses, as well as by that introduced by the defendant. In *East Tennessee Ry. Co.* v. *Hesters*, 90 *Ga.* 11 (15 S. E. 828), it was held, that, upon proof that the plaintiff's property was burned by a fire resulting from the emission of sparks by one of the defendant's locomotives whilst running on the road, a presumption of negligence arose, and the burden was on the company to show the exercise of all ordinary and reasonable care and diligence; and that "such care and diligence would include keeping the locomotive in proper condition to be run with ordinary safety, as well as properly managing and operating it whilst the running was in progress at the time and place in question." In *Gainesville R. Co.* v. *Edmondson*, 101 *Ga.* 747 (29 S. E. 213), Mr. Justice Little in the opinion said, that, after proof of damage from sparks from a running locomotive and the raising of the presumption of negligence, the burden was on the company to show that the emission of such sparks, or the escape of the fire from the engine, "was not due to the want of ordinary diligence on the part of itself or its servants, either as to the condition of the locomotive or in its management and operation." See also *Southern Railway Co.* v. *Williams*, 113 *Ga.* 335 (38 S. E. 744). In the case at bar there was involved an addi-

tional allegation in regard to whether the defendant had been negligent in allowing grass, weeds, rotten wood, and other combustible material to accumulate on its right of way. The rule is often stated to be that it is the duty of a railroad company, in equipping its trains, to use such appliances as are up to the standard of those in general use and reasonably adapted to the purposes for which were intended. *Alabama Midland Ry. Co.* v. *Guilford,* 119 *Ga.* 526 (concurred in by five Justices)', (46 S. E. 655) ; *Higgins* v. *Cherokee Railroad,* 73 *Ga.* 149 (9b) ; 2 Thomp. Neg. §2253, and citations. In the last-cited authority it is said: "It may be collected from many recent holdings that the measure of diligence which the law puts upon a railroad company in this respect is to apply to its engines the best improvements in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in good order. While it has been inadvertently said that they are bound to adopt the latest improvements in general use,—yet the better view is that they are not to be charged with negligence in not adopting such an appliance until it has become well known and until its efficiency has been demonstrated by actual use. The doctrine on which many of the decisions unite can not better be formulated than by saying that railroad companies, while not bound to use every possible precaution to prevent the escape of fire from their locomotives that the highest scientific skill may have suggested, are required, in the exercise of reasonable care, to avail themselves of the most approved practicable appliances for the purpose."

In the supplement to Thompson on Negligence, edited by Mr. Edward F. White, referring to the above-quoted section, it is said: "The recent decisions support the rule that a railroad company in the operation of its locomotives is only required to use ordinary care to provide the same with appliances to prevent the escape of fire. It is not an insurer of the completeness or perfection of the devices adopted. It is not demanded that the company should equip its engines with the 'best approved' spark-arrester, but merely with such approved appliances as are in general use." In Texas there is a statute requiring issues of fact to be submitted to the jury, and prohibiting the judge from charging or commenting on the weight of the evidence. The Supreme Court

of the State held that it was error to charge that it was the company's duty to·equip its engines with the best approved spark-arresting devices in use. Missouri Ry. Co. *v.* Carter, 95 Tex. 159 '(68 S. W. 159). In Missouri Ry. Co. *v.* Hopkins (Tex. Civ. App.), 80 S. W. 414, it was held that "An instruction authorizing recovery if the locomotive setting out a fire was not equipped with the most approved spark-arrester in use is erroneous, the duty of the railroad company being only to exercise ordinary care in the selection of spark-arresters." See also Missouri Ry. Co. *v.* Jordan (Tex. Civ. App.), 82 S. W. 791; Anderson *v.* Oregon R. Co., 45 Ore. 211, 77 Pac. 119; Frankford etc. Turnpike *v.* Philadelphia etc. R. Co., 54 Penn. St. 345, 93 Am. Dec. 708; Hoye *v.* Chicago etc. Ry. Co., 46 Minn. 269 (48 N. W. 1117, 1118). In Lesser Cotton Co. *v.* St. Louis Ry. Co., 114 Fed. 133 (52 C. C. A. 95), it was said that "It is the duty of a railway company to exercise reasonable care to provide itself with the most effective mechanical contrivances in known practical use to prevent the escape of sparks and coals from its engines; but the law does not impose upon it the duty to absolutely provide such contrivances, or make it the insurer of their completeness or perfection."

In many of the decisions which state generally that the company must furnish appliances of a certain kind, the question discussed was whether certain evidence authorized a recovery. The form of the charge was not considered. In some States·the presiding judge is not prevented from expressing an opinion on the facts, or stating what, in his opinion, would constitute negligence, even when there is no violation of a statute or ordinance. Here he is prevented from so doing, by a statute which is so stringent that it has come to be known among the members of the legal profession as the "dumb act." Civil Code, §4334; *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29), and cases there cited.

Under our statute, if the evidence has raised a presumption of negligence, it may be rebutted by showing the use of all ordinary and reasonable care and diligence. This rule requiring the use of ordinary care and diligence applies to the equipping of the engine with proper appliances to prevent fire, as well as to keeping them in proper repair and to the operation of the engine; and also as to the condition of the right of way. A railroad company

is bound to use all ordinary and reasonable care and diligence "to apply to its engines the best improvements in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in order." The charge complained of in effect required the defendant to rebut the presumption against it by proving both the use of all ordinary and reasonable care and diligence and also that it equipped its engines "with the most modern and best-known appliances." This was too stringent.

4. The court charged substantially that actual possession of one claiming as owner would furnish a basis for recovery in favor of the possessor against a wrong-doer; and that if the company was liable, "the plaintiff would be entitled to recover such damages as he sustained by reason of the burning of those houses and the burning of that 315 panels of fence, and the cross-ties that he cut and had there upon this land." Actual possession, under claim of ownership, is prima facie evidence of title, and is sufficient, in the absence of anything appearing to the contrary, to authorize a recovery against a wrong-doer for damages to the property. If there is nothing to show that the title or interest of the possessor is less than a freehold, he may recover for damages to the freehold. The contention is that the possessor might be a mere tenant or lessee or owner of an estate less than the fee, and that he should not be allowed to recover except for the injury to his possession. But in the absence of anything to the contrary, his possession is apparently that of the owner in fee, and would sustain a recovery as such. *Southern Ry. Co.* v. *Horine*, 121 *Ga.* 386 (49 S. E. 285). The language of the charge as to "those houses, the burning of that 315 panels of fence and the cross-ties he cut and had there on this land," is near to, if not actually, an intimation on the facts. As to the measure of damages in that part of the case relating to the loss of standing timber, see *Southern Ry. Co.* v. *Herrington*, 128 *Ga.* 438 (57 S. E. 694).

5. The other grounds of the motion do not require a new trial.

*Judgment reversed. All the Justices concur.*