1267.  ATLANTIC COAST LINE RAILROAD COMPANY *v.*
DAVIS & BRANDON.

1. Reasonable certainty is all that is necessary to render pleadings exempt from attack by special demurrer.

2. It is the duty of a steam-railway company to exercise ordinary care to keep its tracks and right of way free from combustible materials whereby fire from its locomotives may be communicated to adjacent property. An action will lie for negligence in this respect, though the engine from which the fire escaped was properly equipped and prudently handled.

3. The liability of a steam-railway company for damage resulting from its failure to keep its right of way reasonably clear of combustible materials, likely to be ignited by passing locomotives, is not defeated by the fact that the lands of the adjacent owner are in a similar condition.
4. Where a plaintiff shows that he was in possession of turpentine and resin, produced but still remaining on the pine trees, but does not show title to the land, the measure of damages for a destruction of the turpentine and resin is its market value.
5. No error appears.

Action for damages, from city court of Brunswick—Judge Krauss. May 29, 1908.

Argued October 27,—Decided November 24, 1908.

*Bennet & Conyers,* for plaintiff in error.

*R. D. Meader,* contra.

POWELL, J. The plaintiffs sued the railway company for negligently setting fire to and burning the crude turpentine and resin in certain turpentine boxes which they owned on the trees on a definitely designated tract of land, adjacent to the defendant's right of way, near Bladen, Georgia. The allegations of negligence, in the original petition, are as follows: "That said fire as set out in the previous paragraph was occasioned by the negligent, careless, insufficient, deficient, and unskilful construction of the smoke-stacks of said defendant's locomotives; by the negligent, careless, unskilful and insufficient operation and management of said locomotives by said defendant's servants, agents, and employees on said occasion; and by the negligence and carelessness of defendant in not keeping its right of way along its tracks cleared and free from grass and trash, as in duty bound it should have done." The defendant demurred to this on the following grounds: "Because the plaintiff fails to allege, in the fifth paragraph or elsewhere, wherein the smoke-stacks of defendant's locomotives were negligently, carelessly, insufficiently, or unskilfully constructed; because he fails to state in said fifth paragraph, or elsewhere, wherein the said operation and management of said locomotives by said defendant's servants was negligent, careless, unskilful, and insufficient; because he fails to allege wherein the defendant was guilty of negligence or carelessness in not keeping its right of way cleared and free from grass and trash." The plaintiffs amended and amplified these allegations as follows: "Said engine's spark-

arrester was insufficiently and improperly constructed to prevent live sparks of fire from issuing from said smoke-stack, and the engineer in charge of said locomotive was negligent in operating said locomotive, in that he caused said engine to exhaust at that point, and not at some other point, where there was less danger of fire being caused by such emission of sparks, as in a swamp or while crossing a stream, which he had an opportunity of doing, there being no necessity for causing such emission of sparks at that point. Defendant was further negligent in permitting dry grass and trash, which were then and there in a very inflammable and combustible condition, to remain and be on its said right of way at that point." The court overruled the demurrer as to these, as well as to other points presented therein, but not here mentioned, as we do not deem them of sufficient general importance. On the trial the plaintiff showed no paper title to the lands on which the turpentine trees and boxes were located, but proved that they were in actual possession of the turpentine boxes and of a still and certain houses located thereon. There was sufficient evidence to justify the jury in inferring that the fire was started through the emission, from the locomotive of the defendant, of a spark or sparks which fell into dry grass on its right of way, igniting it so that the fire spread therefrom into the plaintiff's turpentine woods. Though this was sufficient to cast upon the defendant the presumption of negligence, the defendant met and fully overcame this presumption, so far as the construction and operation of the locomotive were concerned; and the only allegation left issuable was as to its allowing dry, combustible grass to accumulate and remain upon its right of way. The grass in question was a full natural growth of dry, dead wire-grass, such as is to be found throughout large portions of the country in that section of the State at that time of the year,—December. The jury found a verdict for the plaintiff, and the defendant brings a number of exceptions. Some of them will be discussed in the opinion; others we dispose of by the general statement that after careful examination of them we do not find them to be meritorious.

1. The special demurrers to the plaintiffs' allegations of negligence were originally well taken; but the amendment cured the deficiencies. Reasonable certainty is all that is required in pleadings. Mere conclusions will not suffice as allegations of negligence.

However, structural descriptions of defects alleged in machinery are not required in order to give the necessary certainty. To state specific concrete improper results which a machine in question produced is often sufficient to describe a defect definitely. In other words, to say that a locomotive smoke-stack was so insufficiently constructed that it allowed live sparks of fire to come through describes with legal definiteness a lack in its construction. An examination of the record upon which the fifth headnote in the case of *Green* v. *Babcock Co.*, 130 *Ga.* 470 (60 S. E. 1062), is based shows that the Supreme Court recognizes and applies this principle. See also *Ga. Ry. & El. Co.* v. *Reeves,* 123 *Ga.* 697 (51 S. E. 610).

2. It is a rule flowing from the common law, and recognized in this State, as well as in most of the other American States, that it is a duty of a steam-railroad company to exercise ordinary care and diligence in keeping its track and right of way free from combustible matter, whereby fire from its locomotives may be carried to adjacent property, and that an action will lie for negligence in this respect, although it may be shown that the engine from which the fire escaped was properly equipped and prudently handled. *Georgia R. Co.* v. *Lawrence,* 74 *Ga.* 534; *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (8), (58 S. E. 1044) ; *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (2), (59 S. E. 266). The very fact that fire will sometimes escape from locomotives, though most carefully equipped and handled, makes it the dictate of prudence that the adjacent right of way should also be taken into consideration by the railway company, in the discharge of its duty of so using its own property as not to injure the property of others. See 13 Am. & Eng. Enc. Law (2d ed.), 466 et seq.

3. Though it was ruled to the contrary in an early Illinois case, it is now well settled, by a strong current of American authority, that the liability of a railway company for damages resulting from a failure to keep its right of way reasonably clear of combustible materials likely to be ignited by passing locomotives is not defeated by the fact that the lands of the adjacent owner are in similar condition. Salmon *v.* Delaware R. Co., 38 N. J. L. (9 Vroom) 5 (20 Am. Rep. 356, and note) ; Walker *v.* Chicago Ry. Co., 76 Kan. 32 (90 Pac. 772, 12 L. R. A. (N. S.) 624, and cases cited in the footnote). The differences in the uses to which the owners

have put their property fairly permits of a difference in the quantum of diligence to be required of them respectively.

4. The plaintiffs did not sue for damage to the freehold, but for injury to the turpentine and resin contained in the boxes and adhering to the faces of the trees and ready to be gathered. The plaintiffs showed no paper title or color of title as to the land. Testimony that they were engaged in taking turpentine from the trees, or that they had houses thereon, did not show possession of the entire tract of land. There being no basis for the application of the principle of constructive possession, the possessio pedis was, at most, presumptive evidence of title only to the trees which were worked for turpentine, and as to the particular ground on which the houses stood. Compare *Knight* v. *Isom,* 113 *Ga.* 613 (39 S. E. 103). In the pleadings the plaintiffs did not assert title to the land; they asserted title only to the turpentine and resin, and incidentally to the turpentine boxes; in the proof they showed title, not to the land, but only to the turpentine and resin, and perhaps to the boxes in the trees. Turpentine and the right to work the pine trees for it are appurtenances of the timber, and not of the land, where the land and the timber are separately owned. *Red Cypress Lumber Co.* v. *Beall,* ante, 202 (62 S. E. 1056). The suit was not for damages to the freehold. The proper measure of damages was that stated by the trial court, the market value of the turpentine and resin destroyed. Compare *W. & A. R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266) ; *So. Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044). It is hardly necessary to add that the testimony that the plaintiffs produced the turpentine and resin by boxing and working the trees for it, and that they had an employee in the woods engaged in gathering it on the day it caught fire, is evidence of such possession as to raise the legal presumption that they were the owners of it.

5. The excerpts from the charge to which exceptions are taken are not, when considered in connection with the context, erroneous. The charge as a whole was a terse, fair, and accurate presentation of the points involved in the case, and gave the defendant the benefit of all its contentions, at least as fully as they were presented by the pleadings.                 *Judgment affirmed.*