### SEABOARD AIR-LINE RAILWAY *v.* GNANN & DELOACH.

EVANS, P. J. The testimony to which objection was made, when connected with other testimony as required by the court in his ruling on its admissibility, tended to support the case as laid in the petition, and was not irrelevant. The requests to charge, in so far as they contained accurate statements of the law, were covered by the general charge, which in the main applied the rules of law respecting the liability of a railroad company for damage to property, proximately caused by a fire negligently set out by the running of its trains, as is clearly and fully defined in *Southern Railway Company* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044). The judgment is reversed on the exception to the charge, that "The measure of diligence which the law places upon the railroad company is ordinary care and diligence in respect to carrying and keeping in repair spark-arresters to prevent fire, and the same ordinary care and diligence in keeping the same in good order." The failure to have or maintain in good order spark-arresters was not charged in the petition as an act of negligence, and the court erred in charging upon the subject. The charge was harmful, inasmuch as the jury might have found that the sparks would not have been emitted if the engine had been equipped with a spark-arrester, and that ordinary care would require such equipment.

*Judgment reversed. All the Justices concur.*
AUGUST 16, 1912.

Action for damages. Before Judge Sheppard. Effingham superior court. June 15, 1911.

*Anderson, Cann & Cann* and *Thomas F. Walsh Jr.,* for plaintiff in error.

*Hitch & Denmark* and *William M. Farr,* contra.