### 4326.　ATLANTIC COAST LINE RAILROAD CO. *v.* McREE.

Though the evidence in support of the verdict was not strong, this court can not say that there was not sufficient evidence to warrant the verdict; and, in the absence of any assignment of error of law, the verdict having been approved by the trial judge, this court does not feel authorized to interfere.

DECIDED NOVEMBER 12, 1912.

Action for damages; from city court of Valdosta—Judge Cranford.　June 15, 1912.

*Bennet & Branch, E. K. Wilcox,* for plaintiff in error.
*Whitaker & Dukes, Denmark & Griffin,* contra.

HILL, C. J.　This was a suit to recover damages alleged to have been sustained by the plaintiff in consequence of the negligence of the defendant railroad company, its agents and servants, in

setting out fire on its right of way, and in burning the property of·
the plaintiff as described in his petition. · The allegations of the
petition related to three separate fires, which, it was alleged, had
occurred through the negligence of the railroad company on three
separate dates, and had destroyed many of the pine trees on the
plaintiff's land adjacent to and abutting on the right of way of
the railroad company. The specific acts of negligence alleged
were as follows: (1) the locomotives of the defendant company
were not equipped with proper and suitable spark-arresters, such
as would prevent the unnecessary and unreasonable escape of
burning cinders and coals therefrom; (2) the ash-pan of the de-
fendant, in crossing the lands of petitioner, was not clean and
reasonably free from coals of fire, and so constructed as to prevent
their falling upon the track and along the right of way of the
defendant; (3) the engine, at the time the fires occurred, was not
properly operated by the engineer in charge of it, in that the en-
gineer caused it to exhaust steam unnecessarily, whereby, and
because of such defective equipment, live coals and cinders were
thrown along the right of way; (4) the defendant company had
negligently allowed large quantities of dead grass, straw, weeds,
and decayed wood to accumulate upon its right of way at the point
where the fire originated, and on and across the right of way
through petitioner's land; and the grass, straw, weeds and wood
were very dry and in a highly combustible and inflammable state,
and were originally set on fire by the coals and cinders from the
locomotives in the manner described in the petition. The verdict
was for the plaintiff, and the case is here for review on the gen-
eral statutory grounds only.

Under the repeated rulings of this court, if there was any evi-
dence, or any reasonable inference from the facts in evidence, to
support the verdict, in the absence of any complaint of error of
law, this court has no power to interfere with the verdict. The
rule is well settled in this State, by repeated rulings of the Su-
preme Court, that railroad companies are liable for damages occa-
sioned by fire emitted from or otherwise thrown out by their loco-
motives. *Gainesville, Jefferson & Southern Railroad Co. v. Ed-
mondson,* 101 *Ga.* 747 (29 S. E. 213); *Southern Railway Co. v.
Thompson,* 129 *Ga.* 367 (58 S. E. 544). In such cases the burden
is on the plaintiff to prove the fire, that it was caused by the loco-

motive of the defendant, and the resulting injury. These facts being shown, a presumption of negligence arises against the company, and it is required to rebut this presumption by meeting and overcoming all the allegations and proof relating to negligence. Civil Code (1910), § 2780; *Southern Ry. Co.* v. *Thompson,* supra, and cases cited therein.

The evidence in the present record discloses the existence of three separate fires on three separate occasions, and there are circumstances from which the jury were authorized to infer that two of these fires were caused by coals and cinders, or sparks, emitted from locomotives of the defendant railway company, and that these sparks or coals of fire ignited the dry grass and other dry material on the right of way of the company, and the fire subsequently spread to adjacent lands of the plaintiff, causing the injury described in the petition. The circumstances relied upon to establish this inference were not strong or conclusive, but we can not say that they were not sufficient for the purpose, for the allegation that the right of way was covered by combustible material, which had been left thereon for some time, was supported by the testimony of witnesses for the plaintiff; and, although denied by the defendant's witnesses, this was a matter for the jury. It has been distinctly held by the Supreme Court that if a railroad company is wanting in ordinary care in permitting grass, weeds, rotten wood, and other combustible material to accumulate on its right of way, and, as a result thereof, property of an adjacent owner is damaged by the fire originated on the right of way, through sparks, or coals, or cinders emitted from passing locomotives, this amounts to actionable negligence. *Port Royal & Western Carolina Ry. Co.* v. *Griffin,* 86 *Ga.* 173 (12 S. E. 303) ; *Georgia Railroad Co.* v. *Lawrence,* 74 *Ga.* 534; *Southern Ry. Co.* v. *Thompson,* supra; *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (62 S. E. 1022).

While there is no direct evidence that the fires in the present case were due to coals of fire, or sparks or cinders from a passing locomotive, yet the circumstances tending to establish the affirmative of this proposition possessed some probative value. The fires were seen a few minutes after the locomotive had passed the place where they occurred, and they apparently began from coals or sparks or cinders coming in contact with the cross-ties of the railroad company, and fires had been frequently caused by locomotives

in this manner on other occasions. The presumption of negligence, thus raised against the railroad company, was not overcome. Even the evidence in behalf of the defendant company as to the condition of the engine was not clear and conclusive. The evidence on this point was purely negative in character, to wit, that so far as the engineer and conductor knew, the engine was in good order and equipped with proper spark-arresters, and these arresters were in good condition. It would be profitless to extend an analysis of the evidence. It is sufficient to say that there were circumstances from which the jury could infer that the fires, which were clearly shown to have taken place, were caused by sparks, or cinders, or coals emitted from a passing locomotive of the defendant company, and that the presumption of negligence, raised against the company by proof of these facts, was not clearly overcome.

While we are not entirely satisfied with the verdict, still it was a matter for the jury, and, in the absence of any complaint of error of law, we do not feel authorized to interfere.

*Judgment affirmed.*