16480. LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* STUDDARD *et al.*

BELL, J. 1. In *Jarrell* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 415 (2) (94 S. E. 648), this court said, that "it is clear that the decision of the Supreme Court [in *Seaboard Air-Line Ry.* v. *Jarrell,* 145 *Ga.* 688, 89 S. E. 718) was distinctly predicated upon the fact that there was uncontradicted evidence that the two engines which passed shortly

before the fire was discovered were properly equipped with spark-arresters, wherefore the circumstantial evidence offered to show that the fire was caused by sparks emitted from an engine of the defendant company was not sufficient to 'reasonably establish the theory relied upon, and to preponderate to that theory, rather than to any other reasonable hypothesis.' "

2. Evidence to the effect that a locomotive engine of the defendant passed near the plaintiff's property, and showing circumstantially that within a few minutes thereafter a fire arose in the grass and other combustible matter on the defendant's right of way at a point which the engine had passed, and that there was no other source from which the fire likely originated, was sufficient to authorize a finding that it was caused by a spark or sparks emitted from the engine as alleged. *Southern Ry. Co.* v. *Herrington,* 128 *Ga.* 438 (3) (57 S. E. 694); *Greene* v. *Central of Ga. Ry. Co.,* 130 *Ga.* 375 (60 S. E. 861); *Gainesville &c. R. Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213); *Southern Ry. Co.* v. *Pace,* 114 *Ga.* 712 (40 S. E. 723); *Davis* v. *Bellah,* 29 *Ga. App.* 409 (116 S. E. 30); *Atlantic Coast Line R. Co.* v. *McElmurray,* 14 *Ga. App.* 196 (3) (80 S. E. 680).

3. Upon proof that the fire originated in a spark emitted from the defendant's engine, and that it spread to and destroyed or damaged the plaintiff's building, the presumption arose that the defendant was negligent in both particulars alleged,—namely, in failing to have the engine "properly equipped with a proper spark-arrester," and in neglecting to keep its right of way cleared of grass and growth "which were likely to be ignited by fire and sparks from said engine." *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (3) (58 S. E. 1044); *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (2) (62 S. E. 1022); *Atlantic Coast Line R. Co.* v. *McRee,* 11 *Ga. App.* 790 (76 S. E. 162).

4. Even assuming that the defendant's evidence conclusively rebutted the presumption of negligence with respect to the spark-arrester, although it was not shown that it was the best of its kind *in general use* (see in this connection *Southern Ry. Co.* v. *Smith,* 21 *Ga. App.* 814, 95 S. E. 328), the jury were authorized to find that the defendant was negligent in failing to keep its right of way clear of combustible materials whereby fire from its locomotives might be communicated to the adjacent property; and "An action will lie for negligence in this respect, though the engine from which the fire escaped was properly equipped and prudently handled." *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (2) (62 S. E. 1022). The evidence authorized the verdict.

5. That an infant is so tender in years as to be incapable of qualifying as a witness is no reason for excluding declarations made by him when they are otherwise admissible as part of the res gestæ, although it might be improper to admit the declarations of one so lacking in the comprehension of passing events as to make his exclamations and observations in reference thereto altogether unreliable. *Mitchum* v. *State,* 11 *Ga.* 615 (4); 22 C. J. 451, § 541, and citations. It can not be said that the declarations of a child four years of age should not be admitted merely because of its youth. *Grant* v. *State,* 124 *Ga.*

757 (4) (53 S. E. 334); *James* v. *Central of Ga. Ry. Co.*, 138 *Ga.* 415 (1) (75 S. E. 431); *Central of Ga. Ry. Co.* v. *James*, 143 *Ga.* 753 (85 S. E. 920).

6. In the instant case the following declaration by a four-year-old child, shown to have been made to the child's mother while the fire was in progress: "Ma, there is a fire out yonder coming from the railroad, going to burn up here and catch the barn afire, and coming right toward it," was properly admitted as a part of the res gestæ. While, "as a general rule, that which is mere narrative is apt to carry with it the impress of afterthought, there may be a narrative which is entirely free from afterthought." Where "the statement is narrative in its nature and not exclamatory, the character of the statement may or may not determine the question, according to the circumstances of the particular case." *Southern Ry. Co.* v. *Brown*, 126 *Ga.* 1 (2) (54 S. E. 911). In the present case the declaration was concurrent with the act to which it referred, and, considering the child's age and the other circumstances in evidence, appeared to be free from all suspicion of device or afterthought, notwithstanding it was not entirely exclamatory. *Grant* v. *State*, 124 *Ga.* 757 (4) (53 S. E. 334); *Berry* v. *State*, 9 *Ga. App.* 868 (1) (72 S. E. 433); *Augusta Factory* v. *Barnes*, 72 *Ga.* 217 (5).

7. It was not error to instruct the jury in effect that it was the duty of the defendant railway company *to exercise ordinary care* to have an effective spark-arrester, the court having given in charge in the same connection the rule laid down in *Southern Ry. Co.* v. *Thompson*, supra. Indeed, the law would seem to be that the railroad company should exercise ordinary care to have an effective spark-arrester, and that the rule laid down in the case just referred to should be construed merely as an amplification or explanation of that principle.

8. The court having in the general charge clearly confined the jury to a consideration of only such acts of negligence as were alleged in the petition, it furnished no cause for a new trial that in the instructions on the presumption arising from proof of the damage the jury were not informed that such presumption could relate only to the acts of negligence specified in the petition. *Georgia Ry. & Electric Co.* v. *Reeves*, 123 *Ga.* 697 (8) (51 S. E. 610); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (10) (118 S. E. 488).

9. The court did not commit reversible error in refusing to admit in evidence "the iron or steel grate known as spark-arresting screens," exhibited by one of the witnesses for the defendant, where the apparatus, according to the testimony, was "a piece of old netting removed from an engine" and had been "picked up in the yard," and was not shown to be in the same condition as the corresponding apparatus on the particular engine, although it appeared to be a part of the same type of spark-arrester as that used thereon.

10. The plaintiff having alleged that the fire originated from a particular engine, the court erred in admitting, over appropriate objections, the following testimony of the fireman, having reference to the omission of sparks by other engines, not shown to have been of like construction with the particular engine in question: "I have been on the

railroad seventeen years. I have seen them [sparks] shoot out in seventeen years. I have seen sparks recently. I can't recall the last time I ever seen sparks come out of a smoke-stack. It might have been a long time, and it might not have been a long time." *Inman* v. *Elberton &c. R. Co.,* 90 *Ga.* 663 (2) (16 S. E. 958); *Brown* v. *Benson,* 101 *Ga.* 753 (3) (29 S. E. 215); *Akins* v. *Georgia R. & B. Co.,* 111 *Ga.* 815 (1) (35 S. E. 671); *Atlantic Coast Line R. Co.* v. *McElmurray,* 14 *Ga. App.* 196 (6) (80 S. E. 680); *Atlantic & B. Ry. Co.* v. *Summer,* 134 *Ga.* 673 (3) (68 S. E. 593); *Mack* v. *Augusta Belt Ry. Co.,* 28 *Ga. App.* 816 (113 S. E. 66). For this error alone, the court erred in refusing the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 18, 1925.

Action for damages; from Walton superior court—Judge Fortson. April 20, 1925.

*R. L. & H. C. Cox, Miles W. Lewis,* for plaintiffs in error.

*J. C. Knox,* contra.