The Atlanta Glass Company *v.* Noizet.

<div style="float:right">| 88 | 43 |
| 124 | 675 |</div>

1. A plea which alleges no special damage is to be construed as one which claims general damages only; and where such a plea is improperly stricken, but the defendant is nevertheless allowed the benefit of it on the trial, the error of striking it is not cause for a new trial.

2. Unless it affirmatively appears that evidence is hearsay, it is not to be excluded as such where it is of a nature which admits of its resting on the personal knowledge of the witness.

November 10, 1891.

Damages. Pleadings and practice. Evidence. Before Judge Marshall J. Clarke. Fulton superior court. March term, 1891.

Reported in the decision.

Edmund W. Martin, for plaintiff in error.
King & Anderson, *contra.*

Simmons, Justice.

Noizet brought his action against the Atlanta Glass Company "for machinery furnished to it, and work and labor done in making said machinery, in attaching it to the premises of said company, and in repairing other machinery at the works of the company." The defendant filed the plea of the general issue, and several special pleas, denying in one of them that it had purchased the machinery sued for, or authorized any one else to purchase it, and alleging that the plaintiff and one Weyer colluded together for the purpose of defrauding in the matter; that he and Weyer were interested as partners in making the machinery, and that for the purpose of defrauding the defendant, Weyer, who was the defendant's superintendent of the manufacture of glass, gave the orders for the machinery under the pretence that it was needed for the work of the defendant; and that the plaintiff was notified, before the machinery was furnished, not to furnish it, and that

Weyer had no authority to order it. In another plea it was alleged that the machinery was furnished with the implied warranty that it was merchantable and reasonably suited to the use intended, and that the plaintiff knew of no latent defects undisclosed; and the defendant averred that, on the contrary, it was useless. The 4th special plea was as follows: "The retorts and other things specified in the said account, by reason of defects both in the material and construction, had to be continually changed, which caused great detention in the work of manufacturing defendant's glass, owing to which defendant is damaged in the sum of five hundred dollars, which said sum defendant recoups for its damages for same against plaintiff." Another plea alleges that "the items in said account which is the consideration of the demand sued on, were useless and of no value for the purposes intended, and that the said consideration has totally failed."

The 4th plea above set out was stricken on demurrer. The plaintiff had a verdict, and the defendant moved for a new trial; the motion was overruled, and it excepted. The main grounds relied on for reversal of the judgment of the court below were alleged error in striking the 4th plea of the defendant and in ruling out certain testimony of Pinson.

1. Treating the plea in question as a special plea of recoupment, the court would have been right in striking it, if there had been a special demurrer thereto, and in refusing to allow the defendant to introduce any evidence thereunder tending to show special damages. A plea of recoupment is a cross-action by the defendant against the plaintiff, and should be as certain and definite in its allegations of damage as the allegations in a declaration should be. It should set out in detail how and when the damage was sustained. Simply saying that the machinery, "by reason of defects in material

and construction, had to be continually changed, which caused great detention in the work of manufacturing defendant's glass, owing to which defendant was damaged in the sum of $500, which said sum defendant recoups for its damages for same against plaintiff," is not sufficient. " It states conclusions and not facts ; it deals with generalities and not in particulars." In the case of *McKleroy* v. *Sewell*, 73 *Ga.* 657, it is said, " To state in a plea of set-off that an overdose of ipecac·damaged a man $200, without stating wherein and how, is too loose, and does not set out the defence plainly and distinctly." In the case of *Kinard* v. *Sanford*, 64 *Ga.* 630, it is said, " The plea of set-off being a cross-action brought by the defendant against the plaintiff, it should set out his demand as fully and distinctly as though he were the plaintiff" ; and it was further held, that the plea of recoupment was not sufficient, the contract not being sufficiently set out, and the damages claimed appearing to be contingent and speculative. In *City Fire Insurance Co.* v. *Carrugi*, 41 *Ga.* 672, it is said, " Under our system of sending the whole case to the jury on the declaration and pleas, without a replication, we think it best that the pleas should go somewhat into detail."

(*a*) Inasmuch as the plea contained no allegation of special damage, but only an allegation of general damages, and there being no special demurrer thereto, it should have been treated and considered by the court as a plea of general damages; and we are inclined to think the court erred in striking it. But while the court may have erred in this, we do not think the error was a material one. The record shows that the defendant put in all the evidence he was entitled to introduce under this kind of plea. Where a plea is erroneously stricken by the court and yet the defendant is allowed to introduce evidence to sustain the allegations therein, the striking of the plea is not reversible error. *City*

*Fire Insurance Co.* v. *Carrugi, supra.* The jury must have considered it, because the verdict showed that they reduced the amount claimed by the plaintiff. The defendant was allowed to show all the damages it had well pleaded in the plea which had been stricken.

That part of the testimony of Pinson, set out in the 8th ground of the motion, which the court ruled out after the plea was stricken, and which related to profits and loss of the glass company, would not have been admissible even if the demurrer to the plea had not been sustained. There was nothing in the plea to authorize that kind of testimony.

2. The plaintiff's testimony was taken by interrogatories, and in them he testified that he was employed by Weyer and Dr. Pinson; that Weyer received orders from Pinson and transmitted them to Noizet for all the articles mentioned between numbers two and three in the interrogatories; that Weyer was the glass maker of the company, and was the only man that knew anything about the glass factory and the material it needed, but delivered orders with Dr. Pinson's assent, for material and work mentioned in exhibit A. This testimony was objected to because the answers were hearsay, as complained in the 4th and 5th grounds of the motion for a new trial. It is doubtful whether the witness was testifying from hearsay or from his own knowledge when he said Weyer received orders from Pinson and delivered orders with Pinson's assent, for material, etc. He may have been testifying from his own knowledge of the facts. He may have been present when Weyer received orders from Pinson, and may have heard Pinson assent to them. Taking the whole of the witness's testimony together, as it appears in this record, it would seem that he was testifying of his own knowledge. However that may be, it does not appear to us affirmatively that he was testifying from hearsay; and

unless it should so appear, we could not hold that the court erred in allowing the testimony.

3. There was no error in refusing to grant the motion upon the other grounds taken therein and not herein mentioned.                    *Judgment affirmed.*