### East Tenn., Va. & Ga. Railway Co. v. Hall.

This case is ruled by the principles just announced in *East Tenn., Va. & Ga. Ry. Co.* v. *Hesters.* There was no error in refusing a new trial on any of the grounds of the motion.

October 1, 1892.                                    *Judgment affirmed.*

Before Judge Atkinson.    Appling superior court. October adjourned term, 1891.

v 90-2

The legal questions made by this record are similar to those in the *Hesters* case, just preceding. In this case the bill of exceptions states that on motion of the defendant the claim for damages for fighting fire, feeding stock, and for medicine and doctors' bills, was stricken from the declaration. The jury found for the plaintiff $228. The testimony admitted in this case over objection of the defendant, was as follows: D. A. Carter testified that he had seen a heap of the engines and smoke-stacks of defendant throwing off sparks, that the engines frequently threw out fire along about that period. C. L. Wells testified that, a short time before the 28th of January, 1890, defendant's engines had thrown out sparks in his field and thereby set the woods afire, and he put it out; that an immense quantity of sparks fell from the smoke-stack and set the broom-sedge afire. L. W. Baxley testified that he had seen the trains of defendant throw out fire and set the woods afire, had seen it come out of smoke-stack and out of engine; that little sparks would come out of the smoke-stack that looked like fire-coals; and that fire had been set out between Prentiss and Pine Grove, but he did not know what set it out. L. A. Johnson testified that he had frequently seen defendant's engines throwing out sparks, that there had been fire about his place several times, that on one occasion he was standing in the door of the cab of a freight-train, and just after it passed Prentiss about the creek, it threw fire which kindled up, that a short time further down it caught again, and soon after caught again, that it was just kindling up just after the train passed two or three miles from Prentiss, and caught three different times while he was coming from Prentiss to Baxley, but he did not know the engine set it out. —All this testimony was objected to on the ground that it was irrelevant, illegal, and immaterial to this case in point of time or place.

The defendant moved to rule out all the evidence as to the alleged setting out of fire by its engines, and in reference to the alleged burning of or damage to plaintiff's property, upon the ground that it was irrelevant and incompetent, the evidence disclosing that plaintiff's property was two or three miles from defendant's right of way. The grounds for nonsuit were: that the damages sought to be recovered are too remote and uncertain; that the timber which has died and for which damages are claimed has nearly or quite all died since the bringing of the suit; that the alleged damages to the timber have taken place since the suit was filed; that the evidence fails to make out a case for recovery, or with sufficient certainty for the jury to render a verdict upon it; that the evidence as to the quantity of timber destroyed and the value of it is too vague, indefinite and uncertain to authorize any finding for the plaintiff; and that the suit was prematurely brought. (It was brought on February 17, 1890, the date on which the *Hesters* suit was filed.) In this case the court overruled a motion of the defendant to strike everything from the declaration and rule out all the evidence as to everything except the fencing and fence-rails, which ruling is assigned as error.

The court charged: "The plaintiff claims damages for certain fencing alleged to have been destroyed. Inquire whether or not that was destroyed by fire originating as laid in the declaration; if so, you will find for the plaintiff the value of that fencing." This is assigned as error.

The deeds admitted in this case over objection, are as follows: (1) A deed dated January 23, 1871, from G. W. Carter to Instant Hall Jr., conveying the west half of land lot 348 in the second district of Appling county. The objection was, that this deed was irrelevant, it not being made to the plaintiff Instance G. Hall, and there

being no evidence that the land conveyed by it is involved in this suit. (2) A deed dated January 23, 1871, from G. W. Carter to Instant Hall Jr., conveying one hundred acres, "commencing at the southeast corner and is to run so as to include the said Instant Hall Jr's premises and buildings, being a part of lot number 349, originally granted to James Scott." The objections were the same as those taken above, and further, that the description of the property sought to be conveyed is indefinite and insufficient.

The other grounds for new trial are covered by the report of the *Hesters* case.

DeLacy & Bishop, for plaintiff in error.

E. P. Padgett, *contra.*