## SOUTHERN RAILWAY COMPANY *v.* MYERS.

Under the ruling made in the case of *Railroad Company* v. *Edmondson*, 101 *Ga.* 747, the evidence in the present case was not sufficient to authorize the verdict for the plaintiff, and a new trial should have been granted.

Argued June 9, — Decided July 20, 1899.

Certiorari. Before Judge Hutchins. Banks superior court. September term, 1898.

*Johnson & Dorsey*, for plaintiff in error.

COBB, J. Myers sued the Southern Railway Company in the justice's court, for damages claimed to have been sustained on

account of the destruction of certain personalty by a fire origi-
nating from sparks thrown from an engine of the defendant
company.   Upon the trial it was shown from the evidence that
plaintiff had certain fodder, corn-tops, etc., stored in a black-
smith-shop sixty-two feet from the railroad of the defendant;.
that about five o'clock in the morning defendant's train passed
along the railroad by the shop, which was soon after seen to-
be on fire; that grass was burned out from towards the railroad
to the shop.   It also appeared that the shop was left unlocked,.
and that tramps had been accustomed to go in there, but that
none had been seen there since the fodder was stored.   The
engineer in charge of the engine which passed the shop about
the time it was said to have caught on fire testified that the
engine was equipped with the latest and best improved spark--
arrester, and that it did not then or at any time throw out
sparks.   The jury returned a verdict in favor of the plaintiff.
The defendant carried the case by certiorari to the superior
court, where the judgment of the justice's court was affirmed,
and the defendant excepted.

The present record presents a case very similar to the case of
*Railroad Company* v. *Edmondson*, 101 *Ga.* 747, where it was
ruled that in order "to authorize the plaintiff to recover dam--
ages from a railroad company for the destruction of property
by fire caused by the running of its locomotive, it must appear
that the fire was occasioned by the fault or negligence of the
company or its agents."   It was further ruled that it must be
established that the fire was occasioned by the operation of the
locomotive, before negligence on the part of the company would
be presumed, and that where the evidence only raised a sus-
picion that the fire was communicated to the property destroyed
by the passing engine, and the uncontradicted evidence was.
that the engine was equipped with a proper spark-arrester in
good condition and was in good order, and no evidence appear--
ing that in the handling of the engine sparks were emitted or
fire thrown therefrom at the time, before, or after the confla-
gration for which damages are sought, a legal recovery could
not be had.   Even if it be conceded in the present case that
the plaintiff's property was destroyed by fire communicated by

the passing engine, and that the presumption of negligence against the company arose from this fact, that presumption was completely overcome by the uncontradicted evidence of the engineer in charge of the engine claimed to have caused the damage.　　　*Judgment reversed.　All the Justices concurring.*