SOUTHERN RAILWAY COMPANY *v.* PACE.

Under the ruling made in the case of *Gainesville Railroad Company* v. *Edmondson*, 101 *Ga.* 747, which was followed in the case of *Southern Railway Company* v. *Myers*, 108 *Ga.* 165, the evidence in the present case was not sufficient to authorize a verdict for the plaintiff, and a new trial should have been granted.

Submitted January 11,—Decided February 6, 1902.

Action for damages.    Before Judge Parker.    City court of Baxley.    April 1, 1901.

*DeLacy & Bishop* and *G. J. Holton & Son*, for plaintiff in error.

COBB, J.    Pace sued the Southern Railway Company for damages growing out of the destruction of timber and fencing by fire, which was alleged to have been communicated to the property destroyed from a locomotive of the defendant.    The trial resulted in a verdict in favor of the plaintiff, and the case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant the defendant a new trial.    The evidence offered to establish the fact that the fire was communicated to the property of the plaintiff from an engine of the defendant was entirely circumstantial, but was of such a character as to authorize a finding that the fire was so communicated.    This fact having been established, a presumption of negligence arose against the company, and the controlling question in the present case is whether this presumption was rebutted.    The uncontradicted evidence of the defendant showed that the engine from which the sparks were emitted which caused the fire was equipped with the latest improved spark-arrester, which was in good order on the date at which the fire occurred, that the engine was in all respects also in good order on that date, and that it was properly handled by the engineer in charge.    Under the rulings of this court in *Gainesville Railroad Co.* v. *Edmondson,* 101 *Ga.* 747, and *Southern Railway Co.* v. *Myers,* 108 *Ga.* 165, the evidence of the defendant was sufficient to completely rebut the presumption of negligence; and therefore a verdict in favor of the plaintiff was contrary to the evidence, and a new trial should have been granted for this reason.    This case is to be distinguished from the cases of *Southern Railway Co.* v. *Williams,* 113 *Ga.* 335, and *Central of Ga. Ry. Co.* v. *Trammell,* 114 *Ga.* 312, in that in each of those cases there was evidence, independently of the presumption, that the defendant was negligent, it appearing either that the spark-arrester was not in good order, or that the engine was improperly handled.

*Judgment reversed.    All the Justices concurring.*