## COMPTON et al. v. FENDER.

LUMPKIN, J. 1. Under the decision in *Greenfield* v. *McIntyre*, 112 *Ga.* 691 (38 S. E. 44), "The best method of proving that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary, or of another who has examined the records in the court of ordinary where letters of administration should' have been granted, that no such letters are shown by those records." *Cowan* v. *Corbett*, 68 *Ga.* 66, 70; *Wilson* v. *Wood*, 127 *Ga.* 316 (56 S. E. 457).

2. The best evidence which exists of the facts sought to be proved must be produced, unless its absence is satisfactorily accounted for. Civil Code, § 5162.

3. Where a witness had testified to the death of a person some fourteen years before the time of the trial, it was not error to reject the evidence of such witness that there had never been any administration on the estate of the decedent, although he also testified that he was the son and one of three heirs at law of the decedent; he being neither the ordinary nor another person who had examined the records.

*Judgment affirmed. All the Justices concur.*

Submitted November 6, 1908.—Decided April 19, 1909.

Equitable petition. Before Judge Mitchell. Thomas superior court. May 21, 1908.

Hansell W. Compton and others brought their action against J. Floyd Fender, praying an injunction to prevent the cutting of timber, and also to recover damages. The plaintiffs introduced a plat and grant from the State to Charles W. Compton, and then offered the answers of Hansell W. Compton to interrogatories. He testified, that he lived in Atlanta, and was the son of Charles W. Compton, who died in 1884; that the mother of the witness and his sister survived their father; that his father died without leaving a will; and that he had charge of the interests of his mother and sister in the lot of land involved in the suit. He was asked if there had been any administration on the estate of his deceased father, and answered that there had been none. Objection was made to this latter question and answer, on the ground that it did not appear that the witness was the ordinary of the county in which Compton resided at the time of his death, or that he had examined the records in the office of the ordinary. The objection was sustained. There being no other evidence to establish the absence of administration, a nonsuit was granted, and the plaintiffs excepted.

*Cranford & Wilcox,* for plaintiffs.

*W. T. Dickerson* and *G. A. Whitaker,* for defendant.