3418.   FLINT RIVER & NORTHEASTERN RAILROAD CO.
*v.* MAPLES *et al.*

1. Reasonable certainty as to essential statements is sufficient to enable pleadings to withstand a special demurrer. Complete particularity of statement is not required where a reasonable inference, from the statements made, readily suggests the facts.

(a) In an action against a railroad company for damages due to negligently setting out fire, the manner in which the fire was set out must be alleged, but, from the very nature of the case, it is not always within the power of the plaintiff to state the particular agent, servant, or employee who actually started the fire; and the omission on the part of the plaintiff to specify the particular employee to whose negligence the injury was traceable will not subject the petition to special demurrer.

2. While the best method of proving that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary, or of another who has examined the records in the proper court of ordinary, that no letters of administration upon the estate are shown by those records, still, where a witness testifies to the effect that no administration has ever been granted upon the estate of a named person, and no objection is interposed at the time the testimony is offered, it will be assumed that the witness has made the requisite examination of the records, and testifies from knowledge derived therefrom; for "unless it affirmatively appears that evidence is hearsay, it is not to be excluded as such, where it is of a nature which admits of its resting on the personal knowledge of the witness."

3. When there is no administration nor any necessity for administration, realty descends to the heirs at law. The evidence in the present case was sufficient to show that the intestate died before the time of the fire which was alleged to be the cause of the injury and damage.

4. The verdict was authorized by the evidence. There was no error in the ruling upon the testimony complained of, nor in the charge of the court to which exception is taken.

DECIDED FEBRUARY 24, 1912.

Action for damages; from city court of Camilla—Judge Bennet. April 1, 1911.

*J. J. Hill, Shipp & Kline,* for plaintiff in error.

*E. M. Davis,* contra.

RUSSELL, J. Maples and others brought suit against the railroad company for damages, alleging that the defendant had set out fire, as the result of which the plaintiffs had been damaged in the sum of $490, which was specified as follows: 200 timber trees burned, $200; 760 yards of rail fence, $70; 25 or 30 acres of cane brake, $200, and 2,000 rails burned, $20. The defendant demurred generally and specially to the petition. The court overruled the demurrer, and exceptions pendente lite were filed. On the trial a verdict for $429 was returned in favor of the plaintiffs. The case is brought to this court upon assignments of error on the exceptions pendente lite, and also upon the refusal of a motion for new trial. From evidence in behalf of the plaintiff the jury were authorized to infer that the fire was caused by the burning of certain cross-ties by the section foreman, perhaps in pursuance of

instructions from his superiors. The right of the plaintiffs to maintain the action, and the amount of the recovery, were fully sustained by the testimony.

1. The court was so clearly right in overruling the general demurrer as to preclude any necessity for discussion upon that subject. The petitioners alleged, that they were the sole heirs of Mrs. Margarette J. Maples, deceased, late of said (Mitchell) county, and, as such, were the owners and in possession of two described tracts of land, located in the county and adjoining the defendant's railroad; that the defendant permitted combustible material, such as wiregrass and undergrowth, which had become seared and dry, to remain upon the right of way of the said railroad, contiguous to and adjoining the petitioners' land, and, through its servants, had piled old cross-ties along the right of way, and set fire to these piles of cross-ties at a time when a high wind was blowing in the direction of the petitioners' land and property, which spread to their land, and, in spite of every effort upon their part to check the flames, destroyed the property to which we have above referred.

The amendment alleging possession, which was offered in response to the demurrer, cured the only material defect in the petition. The title to the land was only incidentally involved, for the city court of Camilla had no jurisdiction to determine the title to the land. "The bare possession of land authorizes the possessor to recover damages from any person who wrongfully, in any manner, interferes with such possession." Civil Code (1910), § 4472; *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (9), (58 S. E. 1044); *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S. E. 184). From the brief of the plaintiff in error it appears that the only ground of the special demurrer really insisted upon in this court is the one in which it is contended that the plaintiffs did not put the defendant on notice as to how the fire originated,—whether from the defendant's voluntarily putting out fire, or whether the fire caught from defendant's locomotive; and it is insisted that the effect of overruling the demurrer to this particular part of the petition was perhaps to permit the plaintiffs to prove that the fire was put out by the defendant in either of these ways, or to prove that the defendant by any other means fired the plaintiffs' woods and cane-brake. Complete particularity of statement is not required where, from the

statements made, the facts sought to be alleged may easily be deduced. As was said by Judge Powell, in *Atlantic Coast Line R. Co.* v. *Davis,* 5 *Ga. App.* 214 (62 S. E. 1022), "reasonable certainty is all that is required to render pleadings exempt from attack by special demurrer." The plaintiff in error, no doubt, formed the impression that the allegation of the declaration was susceptible of two interpretations, from the introduction of certain testimony in regard to the passage of other trains of the defendant, to which we will refer later in this opinion. The petition distinctly alleges, in its seventh paragraph, that "on said date hereinbefore mentioned the defendant, through its agents, servants, and employees, negligently set fire to said piles of cross-ties at a time when a high wind was blowing in the direction of petitioners' land and fence, . . which said fire spread . . to the lands of petitioners," etc. This sufficiently charges the manner in which the fire was set out by the defendant, and compelled the plaintiffs to prove that the fire originated in the manner specified. Another ground of the demurrer raises the objection that the petition did not set out the names of the agents or employees of the company who set out the fire. Such a requirement as this would be so unreasonable as to debar most plaintiffs, damaged by fire set out by a railroad company, from any recovery at all; because, whether the fire originated from the employment of defective instrumentalities in the boiler, or from the act of section hands, the plaintiff, in either event, might not be able to ascertain the name of the particular servant of the company whose negligence caused the damage. In an action brought against a railway company for damages due to negligently setting out fire, the manner in which the fire was set out must be alleged; but, from the very nature of the case, it is not always within the power of the plaintiff to state the particular agent, servant, or employee of the railroad company who actually started the fire, and the omission on the part of the plaintiff to specify the particular employee to whose negligence the injury was traceable will not subject the petition to special demurrer.

2. In the motion for a new trial it is insisted that there was no competent evidence going to show that there was not an administrator appointed on the estate of Mrs. Margarette J. Maples; for the reason that no one testified to having examined the records of the court of ordinary to ascertain whether there was an adminis-

trator on the estate or not. Counsel for the plaintiff in error cites the ruling in *Compton* v. *Fender,* 132 *Ga.* 483 (64 S. E. 475). In the present case it appears, from the petition and the proof, that the plaintiffs were the only heirs at law of Mrs. Maples. Her husband testified that there was no administration. No objection was offered to the testimony at the time. It was not sought to show, by means of a cross-examination, that the testimony was hearsay. No objection having been offered to the testimony at the time, it must be assumed that any objection to the testimony, dependent upon the fact that it was not the best method of proof, was waived. While it is true, as ruled in the *Compton* case, supra, that the best method of proof that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary, or of some other person who examined the record, and who will testify that no such letters of administration were ever granted, as shown by the record, still it was ruled in *Atlanta Glass Co.* v. *Noizet,* 88 *Ga.* 43 (13 S. E. 833), that "unless it affirmatively appears that evidence is hearsay, it is not to be excluded as such, where it is of a nature which admits of its resting on the personal knowledge of the witness." There was no objection offered to the testimony of the witness in the present case, and, upon the reasoning in *Atlanta Glass Co.* v. *Noizet,* supra, it must be assumed that the witness who stated that there was no administration had made an examination of the records in the court of ordinary of Mitchell county, and that his testimony was based upon knowledge derived by him from this examination.

3. In the motion for a new trial it is insisted that there was no testimony to show whether Mrs. Margarette J. Maples died before or after the alleged fire. This exception is wholly without merit, because the undisputed testimony shows that Mrs. Maples had been dead about four or five years before the fire. Jurors can make calculations as well as other people, and any juror of ordinary intelligence could as easily ascertain approximately when Mrs. Maples died, from the testimony in this case, as if a witness had stated that she died in some year named by him. The evidence of I. Maples was not controverted by any testimony in the case. He testified that she went into possession of the land "about seventeen years ago," and she had been in possession, under the deeds exhibited by him, between twelve and thirteen years up to the time

of her death. If Mrs. Maples went into possession seventeen years prior to the time the witness was testifying and was in possession thirteen years before she died, it is easy to see that she had been dead four years at the time the witness was testifying in February, 1911, and therefore must have been dead approximately two years in October, 1909, the time of the fire. If the witness's wife had only been in possession twelve years at the time of her death, then the fire was approximately three years subsequent to her death. By any reasonable deduction from the testimony upon the subject of the wife's possession the conclusion is certain that Mrs. Maples died before the fire occurred, and it being sufficiently proved, as we have heretofore shown, that there was no administration upon her estate, her realty descended to her heirs at law.

4. In the remaining grounds of the motion for new trial, the insistence is presented, (a) that the heirs at law could not recover for the 2,000 rails alleged to have been damaged, the rails being personal property; (b) that the judge erred in assuming, in his charge to the jury, that the railroad company did in fact pile cross-ties on the side of the track; and (c) that the court erred in admitting, over objection, the following testimony: "The engine had been there 15 or 20 minutes. I never saw a train set woods on fire." None of these assignments of error appear meritorious.

(a) As to the rails: It does not affirmatively appear that the plaintiff recovered the full value of the rails, or that the rails were included in the verdict in favor of the plaintiff. The allegations as to the amount of each item of damage were sustained by proof, yet the verdict was only for $429.22, instead of for $490, the total amount alleged. If the jury merely found for the plaintiffs the value of the 200 trees and the cane-brake, amounting to $400, and then included in their verdict seven per cent. interest as a part of the damages, the amount would have been a little larger than the verdict. Such a finding would have excluded both the $20 worth of rails and the fencing around the pasture, as to the destruction and value of which there was no dispute. But no objection seems to have been offered to the evidence upon the subject of the rails. The judge in his charge did not refer to the rails, and no motion was made to strike from the plaintiff's petition the items claiming damages upon that score. Furthermore, even if the verdict included the rails, the testimony in behalf of the plaintiffs is perfectly sustained

upon the theory that the rails were cut subsequently to the death of Mrs. Maples, and therefore were the property of the plaintiffs in their own right, for the destruction of which they could recover.

(b)   The seventh ground of the motion for new trial assigns error upon the following language of the charge of the court: "The next question you will have to decide is whether or not the railroad company exercised due diligence in piling cross-ties on the side of the track." It was testified for the plaintiffs that there were cross-ties piled along the right of way at the time of the fire. It was not denied by the witness for the defendant that there had at some time and at various times been cross-ties piled along the right of way. He did say that they had been burned on a certain portion of the right of way before the fire. It might appear that this statement of the court, while it was obviously harmless, would afford ground for new trial, if it was not apparent that the court immediately corrected the error and made it plain that there was no intention upon his part to express any opinion whatever as to the evidence, or even to intimate that cross-ties had been left piled upon the right of way. From what followed it is plain that the language employed was a mere lapsus linguæ. The court had stated only one additional issue, and had uttered only a few words, when, his attention having been directed to the slip of the tongue, he charged the jury as follows: "My attention has been called to the fact by Mr. Davis that I said that the cross-ties were piled in the manner alleged. That is the allegation that they make. You look to the evidence to see, in reference to that, gentlemen of the jury, whether or not the railroad company has exercised ordinary diligence."

(c)   Error is assigned because the court permitted a witness to testify that "the engine had been there 15 or 20 minutes. I never saw a train set woods on fire." The objection made to this evidence was that the petition did not allege that the fire originated from an engine, and therefore the defendant had no notice at all that it would be claimed that the fire originated from an engine. If the objection had been made that this testimony was irrelevant because the petition charged that the fire was set out by the burning of piles of cross-ties, the evidence would still have been admissible, because it is apparent, from the context of the witness's testimony, that his statement in regard to the engine was elicited merely to

fix the time when he saw the fire; and, from his statement that he never saw a train set woods on fire, we are unable to draw the conclusion that his testimony tended to show an effort on the part of the plaintiffs to establish the fact that the fire, in the present case, was caused by sparks or fire from the engine. So far as the proof is concerned, the only difficulty which presents itself is in determining whether the testimony is sufficient to have authorized the inference that the fire and consequent damage were caused by the setting of fire to piles of cross-ties by agents or servants of the defendant railroad company. After a careful review of the evidence (and especially in view of the testimony in behalf of the plaintiffs as to the statement of the section foreman that he was going to burn piles of cross-ties, which these witnesses say were on the right of way) we are of the opinion that the jury were authorized to find that the fire was set out by an employee of the defendant in the manner alleged in the petition.

*Judgment affirmed. Pottle, J., not presiding.*