### 3595.   WRIGHTSVILLE & TENNILLE RAILROAD CO.
### *v.* MULLIS.

The court did not err in the charge complained of.  The evidence au-
thorized the verdict, and there was no error in overruling the motion
for a new trial.

(*a*) In charging the jury on the duty of a railroad company as to the
use of appliances to prevent the setting out of fire by the operation of
its engines, it is proper to instruct them that it is the duty of the
railroad company to use "ordinary care and diligence to apply to its
engines the best appliances in general use, the use of which is con-
sistent with the practicable operation of its engines, and to use rea-
sonable care and diligence in keeping same in good order."  The words
"in general use," etc., sufficiently qualify the words "best appliances,"
preceding them, to overcome the objection that the language used im-
poses too heavy a burden upon the defendant.  The charge is in exact
conformity with the ruling in *Southern Railway Co.* v. *Thompson*, 129
*Ga.* 367 (7), 369 (58 S. E. 1044).

DECIDED SEPTEMBER 24, 1912.

Action for damages; from city court of Eastman—Judge Grif-
fin.  May 31, 1911.

*Daley & Daley, Roberts & Smith,* for plaintiff in error.

*J. A. Neese,* contra.

RUSSELL, J.  The plaintiff in error excepted to an amendment
to the petition, but as this exception is not mentioned in the brief
of counsel, it will be treated as abandoned.

Complaint is made that the judge charged the jury that "it would be incumbent upon the defendant to show that it not only used an improved spark arrestor, or other appliance for the prevention of fires, but that it used ordinary care and diligence to apply to its engines the best appliances in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in good order." The exception to this charge is that it is not a correct statement of the law applicable to the issues involved, and placed upon the defendant the burden of rebutting the presumption against it by proof, not only of ordinary care and diligence, but also that it had equipped its engines with the best appliances in general use for the purpose of preventing fires, which charge is too stringent and placed upon the defendant a burden not legally required. We do not think that the charge of the court, under the evidence in this case, imposed any hardship upon the defendant, or subjected it to any different burden than that which is placed there by law.

There was conflict in the evidence as to the origin of the fire that burned the plaintiff's property. Witnesses for the defendant company testified that there had been a fire in the woods for some time, and that this fire caused the injury of which the plaintiff complained; that the fire was not caused by sparks thrown out by the engine. On the other hand, the plaintiff introduced witnesses who testified that they saw the fire start from sparks thrown out by the engine as it passed. This testimony, if credited by the jury, cast upon the railroad company the burden of satisfying the jury that the company was not liable for the damage; that although the fire might have been occasioned by sparks from its engine, still there was no liability, because the company had provided itself with such appliances, and had so used them, as that the casualty could not have been prevented if the trains were operated at all; in other words, that the prevention of the fire, under the circumstances, would have necessitated the total abandonment of its public duty by the common carrier.

The charge complained of follows literally the ruling in *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044), but, under the testimony in the present case, the instructions of the court as to the "best appliances" could not have been harmful even if

the law were different, because the defendant's witnesses who testified upon that subject both swore that the defendant had the very best appliances known to American master mechanics. And even if they had not so testified, to say that the company has the "best in general use" does not import that it is required to have the best that are made or the best that have been discovered, but merely that in exercising due diligence the company has procured, as it should do in the exercise of even ordinary diligence, such appliances as are shown by experience and usage to be the best suited for the purpose intended. A charge that the company should show that it had provided itself with the "best appliances" would have been subject to the objection raised, but the words "in general use," etc., qualify this meaning, so that the requirement merely conforms to the rule of ordinary diligence.

The case at bar is distinguished from *Southern Railway Co.* v. *Pace,* 114 *Ga.* 712 (40 S. E. 723), *Gainesville &c. R. Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213), and *Southern Railway Co.* v. *Myers,* 108 *Ga.* 165 (33 S. E. 917), in that in those cases not only was the evidence of the fire wholly circumstantial, but the great preponderance of the evidence tended to show, not only that the appliances were the best in general use, but that they were in proper condition and properly handled. In the present case, while the evidence is undisputed that the appliances conformed to the law, the testimony as to the origin of the fire, given by the witnesses for the plaintiff, as well as other circumstances in the case, authorized the inference on the part of the jury that although the company may have had the best appliances in general use, they were either not in good condition at the time of the fire, or not properly handled at that time.

*Judgment affirmed. Pottle, J., not presiding.*