## WESTERN & ATLANTIC RAILROAD CO. *v.* MAYNARD.

1. A railroad company must exercise ordinary care in the operation of its locomotive, to prevent the spread of fire; and in determining whether such care has •been exercised, it is proper to take into consideration, together with other circumstances then prevailing, the speed of the train, the condition of the weather, as whether it was dry or windy, the inflammable character of the property near the track, the fuel used, and the use of an unusual amount of steam whereby an undue quantity of sparks were emitted.

2. The failure to observe the statute with respect to checking the speed of a locomotive approaching a public-road crossing is negligence with respect to injuries occurring on a crossing, but is irrelevant in a suit for setting fire to adjoining property, unless it is made to appear that a proximate cause of the fire was the failure to check the train.

3. "The measure of diligence which the law places upon a railroad company, in respect to the providing and keeping in repair of spark-arresters or other appliances for the prevention of fire, is to use ordinary care and diligence to apply to its engines the best appliances in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in good order."

4. It is error to charge that it is the duty of a railroad company in the operation of its locomotives to use such fuels as are in general use by first-class railroads.

5. The charge complained of is not subject to the criticism that it amounted to an instruction that the plaintiff was entitled to recover upon proof of the destruction of the property by fire, regardless of the source of ignition.

6. As another trial will be had, it is not necessary to decide the effect of an occurrence at the trial, which is not likely to be repeated.

                        FEBRUARY 11, 1913.

Action for damages.   Before Judge Fite.   Whitfield superior court.   September 7, 1911.

*Tye, Peeples & Jordan* and *Maddox, McCamy & Shumate,* for plaintiff in error.

*W. E. Mann* and *W. C. Martin,* contra.

EVANS, P. J.   The suit is to recover damages of a railroad company for the destruction of the plaintiff's property by fire caused by the emission of lighted cinders from a locomotive of the defendant, while passing her property.  The defendant was alleged to have been negligent in failing to provide proper appliances and proper fuel, and in the operation of the locomotive.  Demurrers to the petition were overruled.  A verdict was returned against the defendant, which the court refused to vacate on motion for new trial.

1. A railroad company in the operation of its trains is not only bound to exercise ordinary care in equipping its locomotives and keeping them in a proper condition to be run with ordinary safety, so as to prevent the emission of sparks, but it is also bound to observe ordinary care in the management and operation of its locomotives so as to avoid the scattering of lighted cinders, the probable effect of which is to communicate fire to adjacent property. *East Tennessee, Virginia & Georgia Railway Company* v. *Hesters*, 90 *Ga* 11 (15 S. E. 828). Ordinary care in the operation of a locomotive is a relative term; and in determining whether such care has been exercised, it is proper to take into consideration, together with other circumstances then prevailing, the speed of the train, the condition of the weather, as whether it was dry or windy, the inflammable character of the property near the track, the fuel used, and the use of an unusual amount of steam whereby an undue quantity of sparks were emitted. 33 Cyc. 1337. It is proper, in an action against a railroad company to recover damages for loss by fire alleged to have been caused by the negligent operation of its locomotive, to aver and prove these circumstances as bearing on the responsibility of the railroad company for the destruction of property by fire communicated by cinders thrown from its locomotives. It was therefore not error to overrule special demurrers praying that such allegations be stricken from the petition.

2. The failure to observe the statute with respect to checking the speed of a locomotive approaching a public-road crossing is negligence with respect to injuries occurring on a crossing, but is irrelevant in a suit for setting fire to adjoining property, unless it is made to appear that a proximate cause of the fire was the failure to check the train. This was not done, and this allegation should have been stricken on demurrer pointing out its defect in this respect.

3. The court charged: "I charge you that it was the duty of the defendant company to have its engines equipped with such spark-arresters and to use such fuels as are in general use by first-class railroad companies, and to use all ordinary care and reasonable diligence in operating the same, so as not to injure or destroy the property of another; if it has done this, then the plaintiff can not recover; but if it has not done so, and the property was set on fire and destroyed in consequence thereof, then she can recover." In some of the reported cases may be found the expression that a

railroad company must equip its engines with such spark-arresters as are in general use by first-class railroad companies, but, as pointed out in *Southern Railway Company* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044), this is an inadvertent statement of the rule. As there stated: "The measure of diligence which the law places upon a railroad company, in respect to the providing and keeping in repair of spark-arresters or other appliances for the prevention of fire, is to use ordinary care and diligence to apply to its engines the best appliances in general use, the use of which is consistent with the practicable operation of its engines, and to use reasonable care and skill in keeping the same in good order."

4. Exception is also taken to the charge in the preceding paragraph, as imposing an absolute duty on the defendant company to use such fuels as are in general use by first-class railroad companies. We think this exception is good. There are many kinds of fuels used for generating steam in railroad locomotives. Some railroad companies use oil, and in the selection of this fuel one of the considerations is to escape the scattering of cinders. Some roads use anthracite, others use bituminous coal, and still others use wood. The evidence does not disclose what form of fuel is in general use by first-class railroad companies. The law does not require of a railroad company that it shall use a particular fuel in the operation of its locomotives, but it does require that ordinary and reasonable care shall be exercised in providing proper fuel under all the circumstances. The principle of law as to this matter has been aptly stated by Douglas, J., in Raleigh Hosiery Company *v.* Raleigh &c. R. Co., 131 N. C. 238 (42 S. E. 602): "The most that courts can say is that if a railroad company or any one else fails to use such reasonable care in the selection and use of its fuel and machinery as a man of ordinary prudence, dealing with his own affairs, and having a due regard for the rights and safety of his fellow man, would use, then such failure becomes actionable negligence. This is but an exemplification of the ancient maxim, 'Sic utere tuo ut alienum non lædas.'" It has frequently been held that it is error for a court to instruct a jury that a specific act would amount to an exercise of ordinary care, when the law does not pronounce such to be.

5. A charge to the effect that the burden of proof is on the plaintiff to show that her property was destroyed by fire as she con-

tends, and that when this is made to appear the presumption of negligence is against the defendant, is not open to the criticism of being understood by the jury to mean that upon proof of the burning, without more, the plaintiff could recover. There was but one contention of the plaintiff, and that was that her house had been destroyed by fire communicated to her property by the negligent operation of the defendant's locomotive.

6. As there is to be another trial, it is unnecessary to comment on an occurrence which happened on the last trial, and which the defendant claims to have been prejudicial. The nature of it is such that it will not probably happen again.

*Judgment reversed. Beck, J., absent. The other Justices concur.*