### 5977.   KEATON *v.* SHERROD.

The court erred in ruling out the defendant's testimony, and in directing a verdict for the plaintiff.

DECIDED JUNE 25, 1915.

Complaint; from city court of Cairo—Judge Singletary. July 21, 1914.

*J. Q. Smith,* for plaintiff in error. *Lebbeus Dekle,* contra.

RUSSELL, C. J. The majority of the court are of the opinion that while the books of the partnership would be primary proof of the state of the mutual accounts between the partners, the mere fact that this is true would not require the exclusion of testimony of an independent fact, to wit, that there was an agreement between the parties that the aggregate amount of certain items, perhaps appearing upon the books, was to be entered as a credit upon the note given by the defendant to the plaintiff, which formed the basis of the suit. There would not necessarily be any conflict between this evidence of an agreement that a credit should be entered and any entry which might appear upon the books, and, in fact, the independent fact to which the defendant offered to testify might of necessity rest in parol. For this reason we think the court erred

in excluding the testimony offered to show that the plaintiff agreed to enter upon the note the credit which he thereafter failed to enter.      *Judgment reversed.*

BROYLES, J., dissenting. In a suit upon a promissory note the defendant acknowledged its execution and that the plaintiff was the owner and holder of the note, assumed the burden of proof, and testified as follows: that when this note was executed he and the plaintiff were copartners in the sawmill business; that soon after that time they dissolved, and the plaintiff owed him "the sum of $115, partly, to wit, about $35 in accounts on the books," and that "the plaintiff was to have given his note credit for the sum of $115 that he admitted owing him independent of the books," and he thought that this had been done until the suit was filed; that he did not remember what all the $115 indebtedness consisted of; that "the entire indebtedness and transaction were shown by the books of the partnership, but it was understood between them at the time of the dissolution that he owed defendant the amount as aforesaid and was to credit his note with the same." The court ruled out all of this evidence, upon the ground that the partnership books were the best evidence of the indebtedness, and directed a verdict for the plaintiff for the full amount sued for.

My colleagues are of the opinion that the testimony of the defendant that "the plaintiff was to have given his note credit for the sum of $115 that he admitted owing him independent of the books" should have been admitted, and that the court erred in directing a verdict for the plaintiff. The opinion of the writer is that this evidence was properly excluded, as the defendant, notwithstanding the above statement that it was "independent of the books," afterwards, in his testimony, admitted that "the *entire indebtedness and transaction* were shown by the books of the partnership." According to my view, these books were the best evidence, and, it not having been shown that they were inaccessible, the secondary evidence was properly ruled out by the court. See Civil Code, §§ 5748, 5752; *Compton* v. *Fender,* 132 *Ga.* 483 (64 S. E. 475). In my opinion, the testimony of the defendant having been properly excluded, and there being no other evidence submitted for the defense, and the answer having admitted a prima facie case in the plaintiff, the court did not err in directing a verdict for the plaintiff.