5787.   BREWER *v.* BARNETT NATIONAL BANK.

WADE, J.   1. The general grounds of the motion for a new trial are without merit. There was evidence from which the jury were authorized to infer that the relation of principal and agent existed between Albertson and his son-in-law Brewer, the defendant, and that Brewer as agent for Albertson and in his behalf deposited with the plaintiff the 900 shares of stock of the Upchurch Lumber Company, indorsed in blank by Albertson, as collateral security for the debt of $54,000 due by Albertson and his associates, and not solely in behalf of Brewer himself for the purposé of securing a note for $10,000 which he had personally indorsed and which is the note sued upon.

2. No expression or intimation of opinion as to what had been proved was made in the following excerpt from the charge of the court:  "They contend that it was then and there agreed, and it was agreed by Mr. Brewer and these other parties, that certain stock of the Upchurch Lumber Company be put up as additional security for the $54,000 note." Taken in connection with its immediate context, as well as with the charge as a whole, it is obvious that the court was merely stating a contention of the plaintiff, and the language used is not susceptible of any other reasonable construction.

3. While the jury, in the consideration of any case submitted to them, are confined to the issues raised by the pleadings, they may nevertheless look to the contentions of counsel, as well as to instructions from the

38

court, for the elucidation of the issues raised by the pleadings or for the interpretation thereof. Hence there was no error in the following instruction: "These are substantially the contentions of the parties in this case. You will look to the pleadings in the case and to the statements of counsel for any additional contentions which were made by either party and which may have been overlooked by me, if any." Under a fair interpretation of this language, the contentions of counsel referred to were only those statements of counsel which related to substantial contentions in the pleadings, which had not been specifically mentioned by the court.

4. Viewed in the light of the entire record, there is no substantial merit in any of the remaining grounds of the motion for a new trial; the charge as a whole fairly submitted the questions at issue to the jury; there was ample evidence to sustain the verdict, and the trial court did not err in overruling the motion for a new trial.     *Judgment affirmed.*

DECIDED JULY 29, 1915.

Complaint; from city court of Douglas—Judge Lankford. April 25, 1914.

*McDonald & Willingham, Willingham & Willingham,* for plaintiff in error.

*Dickerson, Kelley & Roberts, Woodward & Smith, Fleming & Fleming, W. M. Toomer,* contra.