16189.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* JEFFERS.

It was not error to overrule both the general and the special grounds of demurrer to the plaintiff's petition, by which he sought to recover for the burning of wood and timber on his farm, alleged to have been caused by a section foreman of the railway company in negligently setting fire to its right of way, and in negligently allowing the fire to spread to the farm.

DECIDED MAY 14, 1925.

Action for damages; from Haralson superior court—Judge Irwin. November 26, 1924.

*Griffith & Matthews, Maddox, Matthews & Owens,* for plaintiff in error.

*Edwards & Edwards,* contra.

LUKE, J. 1. Jeffers sued the railway company, alleging in substance that he owned and possessed a farm adjacent to the railway property, that the farm had thereon a woodland tract, and that the section-foreman of the railway company "carelessly and negligently set fire to the right of way of said company, and carelessly and negligently allowed the same to spread to the farm of petitioner, over which farm the said right of way is located," and that the fire burned and injured the wood and timber thereon, to his injury and damage. The railway company demurred generally, and demurred specially upon the ground that the averments of the pleader were but conclusions, and upon the ground that the plaintiff did not allege "how or in what way, or for what purpose

the section-foreman set fire to said right of way, or how and in what way he carelessly and negligently allowed the same to spread to the farm of petitioner." The court overruled the demurrers, and error is assigned upon this ruling.

The court properly overruled the demurrers. While a plaintiff is required to set out plainly and fully his cause of action, so as to afford the defendant an opportunity to prepare for trial, he is not required to allege impossible particulars or unnecessary details. The allegation that the plaintiff set fire to its right of way and allowed it to spread is not rendered a mere conclusion by reason of the allegation that in so doing it was negligent; neither is this allegation rendered uncertain by the additional allegation that the fire was negligently allowed to spread to the plaintiff's adjoining property. Should the plaintiff now allege why the railway company wished to fire its right of way? Is it necessary that the plaintiff be required to allege that the section-foreman went to sleep and left the fire burning, or that a high wind was blowing, so as to enable the railway company to prepare for trial? In an action against a railway company for damages occasioned by the setting out of fire, the manner in which the fire was set out must be alleged, but, from the very nature of the case, it is not always within the power of the plaintiff to state just exactly in what particular way the railway company allowed the fire to spread from its right of way to the adjoining land. Reasonable certainty is all that is required to enable pleadings to withstand a special demurrer. See *Flint River & N. E. Ry. Co.* v. *Maples,* 10 *Ga. App.* 573 (73 S. E. 957).

2. The verdict is not unsupported by evidence, and the trial judge having approved the verdict, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*