25941. POLLARD, receiver, *v.* WALTON *et al.*

DECIDED MARCH 3, 1937.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Williams & Freeman,* contra.

MacINTYRE, J. Mrs. Sallie C. Walton and nine other named persons, as owners of certain realty on which there was an eight-room one-story frame dwelling and certain outhouses, brought suit for damages against H. B. Pollard, as receiver of the Central of Georgia Railway Company, alleging that by reason of the negligence of the servants of the railroad in burning the right of way along the railroad-tracks that lie in front of the property of plaintiffs, said house caught fire and was destroyed. No demurrer was filed. The defendant answered, denying that said house caught fire as a result of the negligence of the servants of the rail-

way company, and alleging that it was a coincidence that such fire started during the burning of the right of way. The trial resulted in a verdict in favor of the plaintiffs for $2500. The defendant moved for a new trial on the general grounds, and by amendment added certain special grounds, and excepted to the overruling of the motion.

1. It appears from the evidence that the house that was destroyed by fire was separated from the right of way of the railway by an unpaved road immediately in front of this house; that there was a main-line railroad-track and a side-track in front of the house; that the distance from the front porch of the house to the nearer border of the right of way was around fifty or more feet; that there was a heavy accumulation of dead grass and dry oak leaves in the strip of land between the side-track and the main-line track, and also in the strip between such main line and the dirt road in front of the house; and that the railroad right of way lay in a southwesterly direction from the house. The evidence further tended to show that the servants of the railroad company, the section hands and their foreman, were engaged in burning off the strips of land between the railroad-tracks and the public road, first setting fire to the strip between the main line and the public road, and then the strip between the two railroad-tracks; that at the time the servants started said fires there was a strong wind blowing out of the southwest and towards this house, which wind continued to blow; that it was an extremely dry season of the year, it having been some time since there had been any rain in this locality; that "the fire on the right of way was pretty high," and "the wind was just whirling it all around, and the wind was blowing right straight toward" the house; that "when the wind is blowing and you set oak leaves afire they have a tendency to rise and go with the wind," and "all oak leaves have a long center stem, and those stems burn longer than the web part of the leaf" and will "carry fire along with it;" that the house caught fire in three different places on the roof, on the top of the shingles; that the fire on the house did not originate from any fire in the house, but from the burning of the right of way; that if the fire had caught from the chimney in the kitchen, the kitchen would have been the first thing that burned up, but the fire was not going contrary to the wind; and that "there was one chimney on the

left and one on the right back to the north of the fire, and the fire was all on this side of the chimney, and the wind was blowing that way. The wind was blowing to the north. There was no fire on the roof beyond the chimneys, the way the wind was blowing." "At the time of this fire . . only one fireplace" was used, and this "was the one on the far side" of the house "from where the fire started." There had been no fire in the other fireplace in several years, and the "fire in the other chimney . . was a smouldering fire just enough to keep from having to build it up." This evidence was sufficient to authorize a verdict that the fire that destroyed the house was caused by the burning of the right of way of the railway company. *Yeager* v. *Cooley,* 45 *Ga. App.* 452 (165 S. E. 156); *Louisville & Nashville R. Co.* v. *Studdard,* 34 *Ga. App.* 570 (130 S. E. 532); *Southern Ry. Co.* v. *Richardson,* 48 *Ga. App.* 25 (172 S. E. 79).

In an action for recovery of damages resulting from a fire kindled on the property of another, it is necessary that it be shown that the fire was negligently kindled or guarded. *Talmadge* v. *Central of Ga. Ry. Co.,* 125 *Ga.* 400 (54 S. E. 128). Fire is a dangerous agency, and one lawfully using the same in his business must use proper care to prevent it spreading and damaging others. *Yeager* v. *Cooley,* supra. As applied to the spread of fire, there is authority that the person who negligently sets a fire on his own premises is liable for damages to the property of another immediately adjacent to his premises, where there is no intervening cause between the negligent conduct of the defendant and the fire on the plaintiff's property. 45 C. J. 937. It is a general rule that wind, unless unusually and extraordinarily high, by which a fire is caused to spread, does not constitute an efficient intervening cause which will relieve the original wrongdoer from liability, especially where the wind is blowing at the time the fire is kindled on the defendant's premises. See 45 C. J. 938; 26 C. J. 580. *East Tenn., Va. & Ga. Ry. Co.* v. *Hall,* 90 *Ga.* 17 (16 S. E. 91); *E. T., V. & G. R. Co.* v. *Hester,* 90 *Ga.* 11 (15 S. E. 828); *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114). See also 51 C. J. 1169.

So a railroad company is liable for an injury by fire resulting from its negligence. *Western & Atlantic R. Co.* v. *Maynard,* 139 *Ga.* 407 (77 S. E. 399); *Southern Ry. Co.* v. *Thompson,* 129 *Ga.*

367 (58 S. E. 1044); *Wrightsville & Tennille R. Co.* v. *Mullis,* 11 *Ga. App.* 482 (75 S. E. 825). The negligence may consist in a wide variety of acts of omission or commission, as, for instance, allowing combustible matter to accumulate on its right of way, failure to use reasonable care in setting out fires on its right of way for the purpose of clearing it of combustible matter and in preventing its spread to adjoining property. Negligence is an essential element of liability, and no action lies if negligence is absent. *Gainesville, Jefferson &c. R. Co.* v. *Edmondson,* 101 *Ga.* 747 (29 S. E. 213); *Georgia R. Co.* v. *Lawrence,* 74 *Ga.* 534; *Tallulah Falls R. Co.* v. *Stribling,* 20 *Ga. App.* 353 (93 S. E. 161). As stated in many decisions, negligence is the gist of the action, and railroad companies are not insurers of the property of adjoining landowners against damage by fire. "It is a rule flowing from the common law, and recognized in this State, as well as in most other American States, that it is a duty of a steam-railroad company to exercise ordinary care and diligence in keeping its track and right of way free from combustible matter." *Central of Ga. Ry. Co.* v. *Reese,* 43 *Ga. App.* 335 (158 S. E. 774). In accordance with the elementary principles of the law of negligence, the degree of care to be exercised by a railroad company to avoid injury to property by fire is ordinary or reasonable care, that is to say, such care and caution as an ordinarily prudent person would have exercised under the same or similar circumstances. *Western & Atlantic R. Co.* v. *Maynard,* supra. The degree of care to be exercised depends on the circumstances of the particular case, and must be commensurate with, or in proportion to, the danger to be apprehended of inflicting injury on the property of another. In proportion as the hazards increase, there should be a corresponding increase in the care exercised. Keeping in view these principles, in order to determine whether reasonable care has been exercised, due regard must be had to the dryness of the season and the strength and direction of the wind, as well as the proximity of the property of others liable to be damaged. The railroad has the right to keep its right of way clear and to burn the grass and leaves accumulating thereon, provided it exercises reasonable care and prudence in setting out the fire and preventing its escape; and if it is negligent either in setting out the fire or in preventing its escape, or in both respects, it will be liable

for injuries to property resulting therefrom. What would constitute such negligence as would render the railroad liable for damage to adjoining property by fire from its act in burning off its right of way, then depends on the circumstances as they existed at the time of the injury, such as the distance of the property injured from the right of way, the direction and velocity of the wind, the condition of the weather as to dryness, and, in short, every circumstance attending the injury to the property, and such question is solely one for the jury, under proper instructions from the court. The verdict finding the railroad company liable for the damages to the house and property here involved, was authorized by the evidence and was in conformity with the law.

2. The court charged the jury that "Mrs. Sallie C. Walton and several joint owners, as plaintiffs in this case, file this their suit against Mr. H. D. Pollard, who is the receiver of the Central of Georgia Railway Company." The defendant contends that this was error, in that the question of ownership of the premises destroyed by the fire in this case was "one of the material issues in the case;" and this instruction was an expression of opinion on the part of the court that the plaintiffs were the owners. This charge is not subject to this criticism. The court was merely stating the contentions of the plaintiffs as presented in the petition. *Matthews* v. *S. A. L. Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097); *Taber Mill* v. *Southern Brighton Mills,* 49 *Ga. App.* 390, 398 (175 S. E. 665); *Evans* v. *Sears,* 49 *Ga. App.* 744 (13), 747 (176 S. E. 843). When the judge finished stating the contents of the petition, of which the above excerpt was a part, he stated to the jury "that is the petition of the plaintiffs setting forth their right of action as they allege against the defendant in the case," and then followed with a statement of the contentions of the defendant as presented by the answer. There is no merit in the contention of the defendant that there was no proof that plaintiffs were the owners of the property, and that this action should fail because it was not shown that plaintiffs had any right to maintain it. Code, §§ 3-104, 105-1403, 105-1702; *Flint River &c. R. Co.* v. *Maples,* 10 *Ga. App.* 573 (73 S. E. 957); *Coleman* v. *Nail,* 49 *Ga. App.* 51, 53 (174 S. E. 178); 51 C. J. 1188, 1189.

3. The charge of the court, "that where there is an allegation of fact alleged in the petition which is admitted in the answer,

that that is established, then, without further proof, so far as the jury is concerned; that is to say, they can accept that as an admitted fact. But where there is any denial of any allegation of fact in the petition by the defendant's answer, no matter how briefly it may be made, that then constitutes an issue between the plaintiff and the defendant, and the plaintiff can not recover upon such allegation without proof establishing that fact to the satisfaction of the jury by a preponderance of the evidence in the case," was not error because the "court nowhere instructed the jury that where an allegation in the petition is neither admitted nor denied in the answer, that then constitutes an issue between the plaintiff and the defendant, and the plaintiff can not recover upon such allegation without proof establishing that fact." To have so instructed the jury would have been error, for where a defendant answers that he can neither admit nor deny the allegations of a paragraph of a petition, without stating why he can not admit or deny the same, it will be taken as an admission by him of such allegations. See Code, § 81-308; *Southern Bell Telephone &c. Co.* v. *Shamos,* 12 *Ga. App.* 463 (77 S. E. 312) ; *Moore* v. *Calvert Mortgage &c. Co.,* 13 *Ga. App.* 54 (78 S. E. 1097). Moreover, had the defendant desired further correct instructions on this subject, a proper request should have been presented. There is no complaint that the charge as given was not correct.

4. The court charged the jury, "that in determining whether or not the defendant company was in the exercise of ordinary care in burning off its right of way at the time complained of, that you may consider all the surrounding circumstances under which the fire was set out by the defendant's servants and agents, such as the growth of any vegetation on the right of way, the accumulation of combustible or inflammable material or debris or trash that might have been upon the right of way, if you should find there was such, or the wetness or dryness of the season, the force and the direction of the wind with respect to the location of the plaintiff's property, and the degree of diligence exercised by the defendant's employees in burning off its right of way. . . I change you at this point . . that the defendant company had the right to destroy and to remove all such debris or trash or growth as may have been upon its right of way, and in fact it is a requirement of the law that they keep the right of way of the

railroad company clear of all such material. The company, as you know, operated steam-engines, and steam-engines use fire to generate steam in order to have power to propel its locomotive, and this fire necessarily is a dangerous element, and the railroad company in the exercise of ordinary care in controlling that fire are required by law to keep its right of way clear of such debris or trash or growth, as the case may be, in order that there might not be any communication of fire from its right of way, which may be set out in the operation of the engine. So it is their duty to keep the right of way clear of such combustible material or inflammable material, and in doing so the only rule of diligence or care they are required to exercise is that of ordinary care which I have given you in charge." This instruction does not require the grant of a new trial. On the whole, it stated the correct law applicable under the pleadings and the evidence. The plaintiff's petition charged that the railroad company was negligent in allowing debris, such as grass and leaves, to accumulate excessively on its right of way, and, in effect, that it failed to use ordinary care in kindling and guarding said fire in burning off its right of way under the facts alleged. See 51 C. J. 1163, note 89. As to it being the duty of the railroad company to keep its right of way free of combustible material, in the exercise of ordinary care and diligence, see *Central Ry. Co.* v. *Reese,* supra.

5. The charge complained of in ground 4 of the motion for new trial is a correct statement of the law as laid down in *Barrett* v. *Southern Ry. Co.* 41 *Ga. App.* 70 (5) (151 S. E. 690), and supported by the authorities referred to in division 1 hereof. Such charge did not in effect instruct the jury that they could find for the plaintiff on any ground of negligence not contained in the petition. The court, elsewhere in the charge, instructed the jury that, in order to recover, the plaintiffs must prove the material allegations of their petition; and the court had stated to the jury the contentions of the plaintiffs as presented in their petition. Under the allegations of negligence as contained in the petition, the jury would have been authorized to find in favor of the plaintiffs if the defendant had not been in the exercise of ordinary care in burning off its right of way, and if this was the proximate cause of the injury. It is sufficient if the plaintiff alleges that the defendant set fire to its right of way and negli-

gently allowed it to spread to the plaintiffs' property. *Central of Ga. Ry. Co.* v. *Jeffers,* 34 *Ga. App.* 35 (128 S. E. 202). If the defendant had desired a fuller and more complete instruction, a proper request should have been presented. There was no error in failing specifically to charge the jury that if the plaintiffs recovered they must recover on proof of the acts of negligence set out and alleged in their petition, there being no request therefor.

6. There was no error in charging the jury that a contention of the plaintiffs was that the defendant, in burning off its right of way, did not exercise ordinary care, which the defendant denied, contending that it exercised reasonable care in the premises, and "could not be held responsible for the consequences, if any, that the property of the plaintiffs was burned from said act upon the part of the railroad." *Brewer* v. *Barnett National Bank,* 16 *Ga. App.* 593 (85 S. E. 928); *Deere Plow Co.* v. *Anderson,* 29 *Ga. App.* 497 (116 S. E. 38). Said instruction did not amount to an expression of opinion by the court that the house caught fire from the fire on defendant's right of way.

7. The court did not err in instructing the jury that mere failure of the plaintiffs to repair the roof of the house and make the same less liable to catch fire would not constitute contributory negligence on their part, and would not relieve defendant from its liability for the loss, if the jury found that there was negligence on the part of the defendant in the burning off of its right of way. See 51 C. J. 1176.

8. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., dissents.*